(Clark County Court of Common Pleas.)

### KINSEY & CO. v. OHIO SOUTHERN RAILWAY COMPANY.

---

*Partnership dealing under fictitious name—Act of May 19, 1894—Registration of members constituting partnership.*

1. Such a partnership can not commence an action on partnership transactions until full compliance with the statute.
2. Under the statute there is no disability imposed to make contracts or to transact business under the fictitious name, and such partnership may own property whether it consists of goods and merchandise or of choses in action.
3. Where such property consists of choses in action, they may be assigned to a person not laboring under disability to sue, who may bring an action thereon.
4. Such cause of action is not invalidated, and a general demurrer will not lie merely because the petition fails to state that a certificate under the statute has been filed. Whether the defect can be taken advantage of by special demurrer? Query.
5. Such legal incapacity must appear on the face of the pleading to be demurrable, otherwise the defect must be taken advantage of by answer.
6. Where the names of all the partners appear in the firm name, the statute does not apply.
7. The disclosing of the names of all the members of the firm in the petition does not take the case out of the operation of the statute.

(Decided July, 1895.)

---

MILLER, J.

General demurrers interposed to petitions by parties in several cases brought in this court, have led me to give a more critical examination than heretofore to the act of the legislature, passed May 19, 1894, entitled, "An act to prevent the use of fictitious names in partnerships."

I find that in other states similar statutes have been enacted with evidently the same general design as expressed in Gay et al. v. Seibold, 97 N. Y. Rep., page 476, viz.: "to protect persons giving credit to fictitious firms on the faith of the fictitious designation."

However, the same analogies cannot be drawn from the decisions of the Supreme Court of New York, as from those of the Supreme Court of

California, for the reason that by the title and otherwise the statute of the former state is quite different from our own, the title being, "An act to prevent persons from transacting business under fictitious names," and the statute reading as follows: "Sec. 1. No person shall hereafter transact business in the name of a partner not interested in his firm, and where the designation 'and company,' or 'and Co.,' is used, it shall represent an actual partner or partners."

The sanction or vindicatory part of said statute is also quite different from our own in that it makes the violation of the same a misdemeanor punishable with a fine of not exceeding $1,000, while the sanction of the Ohio statute is simply a postponement of the right of a fictitious partnership to maintain an action on the business transactions of said partnership, until the certificate of the names of the partners thereof and the publication of such certificate have been made and had in accordance with the first section of the statute, which it is unnecessary to quote, as the same is familiar to the members of the bar.

The same general observation may be made as to the Louisiana statute, which is similar to that of New York.

The California statute is almost, if not quite, identical with our own, if I can properly judge from the references made to it in various decisions of the Supreme Court of that state from Cheney v. Newberry, and others, rendered June 23, 1885, reported in 7 Pacific Reporter, at page 445, down to Mortimer v. Marder et al, rendered February 3, 1892, reported in 28 Pacific Reporter, at page 814, and Cook v. Fowler, rendered January 8, 1894, reported in 35 Pacific Reporter, at page 431. It is possible that the statute of Ohio was copied from that of California, and hence the authorities of that state are strictly in point in giving construction to our own law. I have not found any decisions upon similar laws in any other states than those I have mentioned.

There is some conflict in the California decisions, for while the syllabus of Sweeny v. Stanford, 67 California, page 635, reported also in 8 Pacific Reporter, 445, says that in an action to enforce a partnership contract on the part of the firm, the complaint is demurrable if it discloses the fact that the contract sought to be enforced was made by the partners in their fictitious name, unless it is alleged that the plaintiffs have filed the certificate of partnership required by the California statute;" in Phillips v. Goldtree, reported in 13 Pacific Reporter, at page 313, the syllabus says: "When, in an action by partners doing business under a fictitious name, the complaint is perfect in all other respects, there is no failure to state facts sufficient to show a cause of action merely because it contains no statement that a certificate of partnership has been filed, as provided by civil code sections 2466, 2468, attaching a legal incapacity to maintain an action upon any contracts made or transactions had in the partnership name to a failure to file such certificate; and an objection that no such certificate has been filed must therefore be taken by answer; otherwise, under civil code, California, sec. 434, it is waived. Sweeny v. Stanford, 67 California, 635; 8 Pacific Reporter, 445, distinguished." It is not clear to my mind in what way the same is distinguished, for it is clearly overruled.

The logic of the various decisions in that state, for I will not comment upon them in detail, seems to result in establishing the following propositions, namely:

1. That the word "maintain" applies to the institution of an action, as well as to its continuance, and that hence, the right to bring an action is prohibited, unless the certificate has been filed and the publication thereof has been completed. Byers v. Bourret, 64 Cal., reported in 28

Pacific Rep., page 61, says: "The commencement of an action is a part of the maintaining of it."

2.   As per Phillips v. Goldtree, cited above, that by said statute, there is no disability imposed to make contracts or to have transactions in the fictitious names, and that such fictitious partnerships may own property whether it consists of goods, wares, or merchandise, or choses in action.

3.   That when such property consists of a chose in action, it may be assigned to a person not laboring under incapacity to sue who may bring and maintain an action thereon.   See Cheney v. Newberry, 67 Cal., 126, reported in 7 Pac. Rep. 445.

4.   That, therefore, the cause of action is not invalidated, and, that being so, a general demurrer will not lie, if the same is perfectly stated in all other respects, merely because the petition does not contain a statement that a certificate has been filed.

5.   That the defect, if any, can be taken advantage of by special demurrer for "legal incapacity to sue." Yet, it would seem strange to call such a defect a legal incapacity to sue, in view of sec. 5,011 Rev. Stat. (there being a similar provision in the California code), which, contrary to the rule of the common law, gives to any partnership, whether doing business under a merely fictitious name or not, the right to sue by such name, provided only it be a partnership formed for carrying on trade or business in this state.   The statute of May 19, 1894, is in no sense a modification of or limitation upon said section so as to require them to be consulted together and make the one an abridgement of the right given in the other, and so bring the matter within the purview of Haskins v. Alcott & Horton, 13 Ohio St., page 216, and require the like averment as to the filing of the certificate as is required by the authorities as to the domesticity of the partnership so as to "bring them within the statute creating the exception" to the common law rule.   What is therefore meant in the California decisions, for the defect complained of does not come clearly within either of the classes of "legal incapacity" laid down by Van Santvoord and Bliss and upheld by the authorities (except in Indiana and Kansas), is that if said defect can be taken advantage of at all upon demurrer, it is quasi, that it is more nearly like legal incapacity to sue, than anything else, and hence—

6.   That such legal incapacity, as in all cases of demurrer, must appear upon the face of the pleading, and that, as such a domestic partnership had by statute legal incapacity to sue in the firm or fictitious name, it will be presumed that it has complied with the requisites of the other statute unless the petition should undertake to set forth a filing of the required certificate and the subsequent publication thereof, and some such defect appears in so doing as is shown in Byer v. Bourret, above cited, viz., that the publication had not been completed before the commencement of the action, in which case a demurrer for legal incapacity to sue would lie; otherwise—

7.   That the defect complained of must be taken advantage of by answer in the nature of a plea in abatement at common law, or the defect would be waived.

8.   Another question submitted in one of the cases before me, I find to have been settled in Pendleton et al. v. Cline et al., 24 Pac. Rec., page 659, in the following syllabus, viz.: "A firm name showing the firm names only of the partners, is not a "fictitious name" nor a "designation not showing the names of the partners within civil code Cal., sec. 2,466, requiring every firm doing business under such name or designation to file and publish a certificate showing the full names and residences of the

members.'' This was held with reference to a partnership of C. W. Pendleton and W. J. Williams under the firm name of Pendleton & Williams. This decision is affirmed in Carlock et al. v. Cagnacci, 26 Pac. Rep., page 597. A like holding was made in the case of a firm called "Clark & Snyder," by Judge Price in the Logan county common pleas court. Whether he had the California decisions before him I do not find from the brief report of the case, but although Work, Judge, dissented in the first case above recited, the reasons given by the majority of the court are at least plausible.

I am inclined upon the whole to follow the reasoning of the above mentioned cases, which will therefore form the basis of the orders made by me and be entered on the docket in the several cases submitted to me.

There is one additional question which I must respond to, growing out of the claim, as I understand it, by counsel for plaintiff in Hitchcock et al. v. Armstrong Bros., in which the names of the plaintiffs composing the partnership are set forth in full, and the action therefore not having been begun under section 5,011, that the said plaintiffs are not amenable to the statute—that having fully in this action disclosed the names of the partners, the reason of the law of May 19, 1894, does not apply. If this is so, then the law could be entirely frittered away, for no partnership need to file the said certificate if a disclosure in the petition was allowed to take the place of the same, and no certificate ever would be filed.