(Summit County, Ohio, Court of Common Pleas, September Term, 1896.)

### HORACE B. COCHRAN v. HIRSCH BROS. ET AL.

---

*Partners doing business under fictitious name.—*

1. The firm name of "Hirsch Bros.," under which a partnership carries on its business, sufficiently designates the persons constituting the partnership, and such partnership is not required to obtain the certificate of the clerk of courts, etc. under the statute, (91 O. L. 357), before it can institute and maintain suits in out courts.
2. The statute (91 O. S. 57,) is a penal statute, and should not be strictly construed against a party.

---

On error from Justice of the Peace.

NYE, J.

The record in this case shows that the plaintiff in error, defendant below, as constable, levied upon a quantity of shoes in the store of Hirsch Brothers, plaintiffs below, to satisfy a claim of a third party against a defendant other than Hirsch Brothers; said Cochran, constable, claiming that said shoes were not the property of Hirsch Brothers, but were the

property of another person. Hirsch Brothers then got out a writ of replevin, and took the shoes from the possession of Cochran, the defendant below. A judgment was rendered in the justice's court, in favor of Hirsch Brothers, plaintiffs below. This proceeding was brought to reverse that judgment.

The main question relied upon to reverse the decision of the justice, is a question arising under the statute which provides for the publishing the names of the members of partnerships and filing a certificate thereof with the clerk of the court, etc., and the statute in force at the time this case was tried, provides: "That except as otherwise provided in the next section, every partner transacting business in this state under a fictitious name, or a designation not showing the names of the persons interested as partners in such business, must file with the clerk of the court of common pleas of the county in which its principal office or place of business is situated, a certificate stating the names in full of all the members of such partnership and their places of residence, and publish the same once a week for three successive weeks in a newspaper published in the county, if there be one, and if there be none published in such county, then in a newspaper published in an adjoining county." (91 Ohio Laws, 357.)

These parties, as the record shows, had not filed this certificate at the time this suit was commenced. They were doing business in Ohio in the name of "Hirsch Brothers."

It will be observed that this statute provides that the parties must file this certificate, who are doing business under a fictitious name, or a designation not showing the names of the persons interested as partners in such business.

A case has been decided under a similar statute to ours in California, where the title of the firm was 'Pendleton & Williams," and the Supreme Court of that state held this did in effect give the names of the parties, and that it was not necessary to give the individual names, or to give the full names of the partners. 24 Pac. Rep. 659.

This, I believe, is the only authority that has been cited, where a court of last resort has had this question before it, upon a statute nearly similar to ours.

Counsel for the defendants in error cited the court to a case in the 33 Weekly Law Bulletin, page 258, where it is stated that "Clark & Snyder, a partnership firm doing business in Ohio, commenced an action on a partnership transaction in the common pleas court at Logan county, Ohio. A motion was made by defendant to dismiss the case on the ground that said partnership firm had not complied with the act of the legislature of May 19, 1894, (91 Ohio Laws, 357), requiring partnership firms acting under a fictitious name, or a designation not showing the names of all persons interested in the firm, to register the names of persons interested in the firm with the clerk of the court," etc. Price, J., overruled the motion, holding that it was the intent of the statute to furnish the public a means of finding out who were the members of a partnership going under a fictitious name, as a banking company or an exporting company, or where the names are not designated, as "Brower & Co." The full name of the partners do not have to appear in the firm name—only a designation "showing the names of the persons interested as partners" is required. Clark & Snyder is such designation. The petition showed that the firm consisted of those two men only, and the motion was therefore overruled.

This is a similar decision to the one in California.

Counsel for plaintiff in error have cited the court to a case found in the 3rd volume of the Nisi Prius Reports, on page 169, (being the number for July 20, 1896), in which the designation was "M. Doob & Bro."

In this case, Hollister, J., of the common pleas court of Hamilton county, held that this was not giving the names of the persons, and held that it was required for a firm of this name, to register, or file a certificate.

The reasoning of the learned judge would have brought me to a different conclusion. He reasons that "M. Doob & Bro." means M. Doob and Doob, and if that be true, following the decision made in the California case, it will be equivalent to saying "Pendleton & Williams."

This name was "Hirsch Brothers." If there were but two, then you might say it was Hirsch & Hirsch and give the names—that is as much as giving the names of Pendleton & Williams.

And inasmuch as this is a statute in the nature of a penalty, refusing to allow them to sue in the firm name unless they file this certificate, I do not think this statute should be strictly construed as against parties of that kind.

I am inclined to think this case ought not to be reversed upon that ground.

There is another question that has been raised in this case, which grows out of section six of this statute.

And it is claimed that this was not a transaction had in their partnership name, nor an action on account of any contract made, but that these goods were taken away from them by proceeding in execution and levy, and it was no transaction which they had, and therefore they had a right to bring the action.

I do not know what the courts may hold upon that question. I will not attempt to pass upon it at this time, inasmuch as I think I will leave it stand upon the other question. The defense, however, is quite ingenious.

I hesitate about sending this case back on another ground, and that is this: if the case went back upon the ground that is sought now to reverse it, the 6th section of this statute has been amended, and it now provides as follows: "That after the passage and approval of this act, any person doing business as partners contrary to the provisions of this act, shall not commence or maintain an action on or on account of any contracts made, or transactions had in their partnership name in any court of this state, until they shall have first filed the certificate herein required; provided, however, that if such partners shall at any time comply with the provisions of this act, then such partnership shall have the right to commence an action, or if such action has been commenced, to maintain the same on all such partnership contracts and transactions entered into prior as well as after such compliance with this act."

Without attempting to say whether there is any proof before me or not, I will say that in argument, counsel agreed that a certificate was filed the next day after judgment was rendered in this case by the justice.

When you get back into the other court, you have already complied with this statute, and if it was to be reversed and sent back solely upon that ground, if they had not already done so, they could comply with this statute before trying the suit.

Judgment affirmed.

Messrs. Musser & Kohler, for plaintiff in error

Messrs. Sadler, Atterholt & Marvin, for defendants in error.