## COLLATERAL ATTACK ON APPOINTMENT OF EXECUTOR.

Common Pleas Court of Clark County.

ADOLPHUS H. SMITH v. WESTERN UNION TELEGRAPH COMPANY.*

Decided, 1907.

*Executors—Finding of, as to Legality of an Appointment Must be Presumed—Appointment of a Trust Company can not be Collaterally Attacked—Jurisdiction of the Probate Court—Its Inherent Power—Verity of its Record—De Facto Executors.*

The probate court has jurisdiction to hear and determine the question whether or not a trust company is legally competent to perform the duties of an executor, and where this jurisdiction has been exercised the determination by that court of the competency of the appointee can not be collaterally attacked.

*Charles L. Spencer* and *Edwin S. Houck,* for plaintiff.
*Martin & Martin,* for defendant.

KUNKLE, J.

The plaintiff seeks to recover damages for injuries to certain of his shade trees. It is claimed they were marred or injured by the defendant in the trimming of the same. The case was brought a number of years ago.

Upon the death of the plaintiff the Union Savings Bank & Trust Company was appointed executor of the last will and testament of the said Adolphus H. Smith. The trust company accepted such appointment, gave bond, entered upon the discharge of its duties as such executor, and since said date has been acting in such capacity.

* The judgment of the common pleas court was reversed by the circuit court, and the judgment of the circuit court was affirmed by the Supreme Court, March 17, 1908. A rehearing of the case was had in the Supreme Court, and upon such rehearing the former judgment of that court was vacated, the judgment of the circuit court reversed, and the judgment of the common pleas affirmed, 79 Ohio State, p. ——.

In 1904 the trust company filed a motion in this court asking that this case be revived in its name as such executor. A conditional order of revivor was issued upon this application, and the defendant filed an answer setting forth two reasons why this case should not be revived in the name of the trust company as such executor.

The first reason so assigned is that said trust company is not the duly appointed and qualified executor of the last will and testament of Adolphus H. Smith; that said trust company has no authority to act as such executor, is not the legal representative of said decedent, and can not prosecute this case for or on account of the said decedent's estate.

The trust company, for reply, states that it is the duly appointed, qualified and acting executor of the last will and testament of said decedent.

An agreed statement of facts has been filed which shows that the trust company was appointed such executor on the 11th day of August, 1902, by the Probate Court of Clark County, Ohio; that it accepted such appointment; qualified; entered upon the discharge of its duties, and since said date has been acting in that capacity. A copy of the letters of appointment are attached to the stipulation. It is also agreed that at the time of such appointment the said trust company was and ever since has been a corporation organized under the laws of the state of Ohio.

This case is submitted as to the first defense in defendant's answer, upon the stipulation of the parties, the pleadings relating to such first defense, and the motion of the defendant for judgment in its favor on said pleadings and stipulation.

The Legislature of Ohio, prior to the appointment of said trust company as such executor, enacted Sections 3821c, 3821f, and other sections of the Revised Statutes, by which it attempted to confer upon such trust companies the power to take, accept and execute such trusts. The Supreme Court of Ohio, in 1904 (several years after the appointment of said trust company as such executor), held that trust companies are without capacity to receive and exercise appointments as administrators of the estates of deceased persons, because the legislation evidencing

an intention to clothe them with such capacity is void, being of a general nature, and not of uniform operation throughout the state, as required by Section 26, Article II of the Constitution. 69 O. S., page 500.

It is conceded that the trust company does not now have the power or authority to receive or accept an appointment as an executor.

It is claimed by the Western Union Telegraph Company, that by reason of the invalidity of the statutes above referred to, that the trust company is without authority to appear in this court and ask for a revivor of this action in its name.

The trust company claims that the defendant can not raise this question in the present case, as such a proceeding would be a collateral impeachment of the record of the probate court appointing it as such executor; that the record of the probate court as to this appointment is final and conclusive, until it has been reversed or modified by a direct proceeding; that although the probate court would not now appoint it as such executor, yet having had jurisdiction and having exercised such jurisdiction, the appointment can not be attacked collaterally; that if the defendant is averse to the trust company conducting the affairs of this estate, that its apointment as such executor must be attacked in a direct proceeding in the court where the original appointment was made.

The telegraph company admits that the findings of the probate court are final and conclusive in all matters in which it had jurisdiction or power to act, but claims that the probate court had no authority in 1902, or at any other time to appoint an executor, except in cases where such executor was nominated in a will; that although Mr. Smith might have nominated the trust company as his executor, that the probate court was without jurisdiction to appoint the trust company as such executor, for the reason that the Legislature has limited the nomination, by the testator, and the appointment by the probate court of executors, to those who are legally competent; that by virtue of the decision of the Supreme Court it has been determined that the trust company is not, and at the time of this appointment was

not legally competent to serve as an executor, and that therefore the probate court was without jurisdiction and that such appointment was void.

Many of the authorities cited consist of decisions of the courts of other states. An examination shows that many of these decisions are from states where the probate court derives its authority solely from legislative enactments; some are from states where the probate court is not a court of record, and therefore they are of little value in the determination of the case at bar.

Probate courts in Ohio derive jurisdiction, not merely from statutory enactments, but also from the Constitution.

Section 8, Article IV, provides that:

"The probate court shall have jurisdiction in probate and testamentary matters, the appointment of administrators and guardians, the settlement of accounts of executors, administrators and guardians,   *   *   *   and such other jurisdiction in any county or counties as may be provided by law."

The Constitution therefore gives the probate court jurisdiction in all testamentary matters.

Section 5995, Revised Statutes, provides that:

"When any will shall be duly proved and allowed, the probate court shall issue letters testamentary thereon to the executor, if any be named therein, if he is legally competent, and if he shall accept the trust and shall give bond required to discharge the same," etc.

An examination of some of the cases cited by counsel show that the limited jurisdiction of the probate court referred to, has reference to the subject-matter over which such court has jurisdiction, and not to its jurisdiction over the matters in reference to which jurisdiction has been conferred.

The Supreme Court, in 56 O. S., page 272, says:

"While the probate court is of limited jurisdiction, the limitations chiefly relate to subject-matters. In view of the constitutional and statutory provisions referred to, its jurisdiction to correct the account of an executor in such a case as the rejected evidence tended to show, is ample. This conclusion is in harmony with the view generally taken of the subject, and with the unvary-

ing tendency to enlarge the jurisdiction of the probate court with reference to the subjects which it embraces.''

Probate courts in Ohio are courts of record, and their jurisdiction in testamentary matters seems unquestioned.

The Supreme Court, in the 3d O. S., page 494, says:

''The power to hear and determine a cause is jurisdictional; and it is *coram judice* whenever a case is presented, which brings this power into action.''

Judge Ranney, in rendering the opinion in this case, says:

''A settled axiom of the law furnishes the governing principles by which these proceedings are to be tested. If the court had jurisdiction of the subject-matter and the parties, it is altogether immaterial how grossly irregular, or manifestly erroneous its proceedings may have been; its final order can not be regarded as a nullity, and can not, therefore, be collaterally impeached.''

If the Probate Court of, Clark County had jurisdiction to prove the will of Adolphus H. Smith and to hear and determine the question as to whether or not the party named in the will was legally competent to be appointed as the executor; and if the probate court did hear and determine the question of the competency of the person nominated as executor, can its judgment thereon now be attacked collaterally?

Can the judgment of the probate court to the effect that the trust company was legally competent to be appointed as executor be attacked by the defendant in this proceeding, wherein the trust company, as such executor, attempts to recover from the defendant on a claim in favor of the decedent?

One of the leading cases in Ohio on the subject of the authority and jurisdiction of probate courts is that of *Shroyer* v. *Richmond and Staley,* in the 16th O. S., page 456. This case has never been overruled. The Supreme Court, in the 35th O. S., has, to some extent, distinguished this case, but *Shroyer* v. *Richmond* has been quoted and approved by the Supreme Court in many cases, both before and since the decision in the 35th Ohio State, and especially in the following cases: 34 O. S., page 396;

36 O. S., page 15; 36 O. S., page 470; 39 O. S., page 366; 42 O. S., page 262; 48 O. S., page 291.

The Supreme Court, in the 16th O. S., holds that jurisdiction attaches whenever the application is made for its exercise in a given case and that no irregularity in the proceedings, or mistake of law in the decision of the questions arising in the case, will render the order of appointment void, or subject it to impeachment collaterally.

The probate court is a court of record, and it follows that all of the steps necessary to the rendition of a final judgment have been taken whether the facts are set forth in the record, or whether they are not. While the letters of administration attached to the stipulation in this case may not specifically show that the probate court found that the trust company was legally competent to exercise the duties of an executor, yet it must have so found, and it being a court of record, such finding will be presumed whether it does or does not appear upon the record.

When the court found and determined that the trust company was legally competent—that it had authority to accept the duties and exercise the powers of an executor—was it not such a finding and judgment on the part of the probate court as can be attacked only by a direct proceeding?

. The finding and judgment of the probate court was a mistake of law, but if judgments can be attacked collaterally because judges have made mistakes in the construction of statutes, then many judgments are open to collateral attack.

It may be well to note that the decision of the Supreme Court, reported in the 69th O. S., above quoted, was rendered in a case in which error was prosecuted from the probate court to the Supreme Court in regard to the appointment of a trust company as administrator. The decision was not rendered in a case wherein the judgment of the probate court was attacked collaterally.

In the 20th Circuit Court Reports, page 681, the first paragraph of the syllabus is as follows:

"The probate court has exclusive jurisdiction in proceedings to appoint administrators of the estates of deceased persons, and

where the jurisdiction of the probate court once attaches, that court has full power to hear and determine all questions arising in the case, and such determination can not be collaterally attacked.''

In this case the court say:

''We think that the question as to the qualification and appointment of this administrator was determined by the probate court, and can not be collaterally questioned in this case.''

In the 48th O. S., page 273, the first paragraph of the syllabus is as follows:

''The probate courts of this state are courts of record, competent to decide on their own jurisdiction and exercise it to final judgment; and their records import absolute verity.''

The court, in its decision in this case, quotes at length and, approves the principles announced in the 16th O. S., page 455, above quoted.

In the 65th O. S., page 396, the Supreme Court, in rendering the decision in that case, uses the following language:

''It is further claimed that there was no authority under Section 6018, R. S., for the appointment of an administrator *de bonis non,* as in his application he stated that there were no assets, and did not aver that there were any debts to be paid. We may say that from the record it seems quite doubtful on the showing made, whether the court had authority to appoint an administrator in the first instance, or to appoint a successor on his death, but be that as it may, we think their appointment can not be questioned in a collateral proceeding. There should have been some direct proceeding for the purpose. Here it is collateral to the proceeding, being one to sell lands; and it is contrary to the policy of our law to permit a question of the kind to be raised in a collateral proceeding.''

Counsel for defendant, in addition to the authorities cited from other states, have also cited certain decisions of our Supreme Court, which it is claimed should control in the determination of this case. We have examined the case in the 29th O. S., so cited, and think that the decision in that case was based on the fact that the court had no jurisdiction of the subject-matter;

it certainly will not be contended that the probate court has no jurisdiction of the subject-matter of appointing executors. In the 66th O. S., 143, so cited, the court, in answering one of the arguments of counsel, indulge in a discussion as to whether or not the record on its face shows that the decedent was a resident of West Virginia. They answer the suggestions of counsel upon that point by holding that the record does not show upon its face that the decedent was a resident of West Virginia.

What the decision would have been had they found that the word "late" meant "last," we do not know.    The court concludes its argument on that proposition by saying:

"We can not know what evidence may have been adduced in the Probate Court of Franklin County, Ohio, to show that the last residence of the testatrix was within the jurisdiction of the court.    Neither the verity of the record nor the jurisdiction of the court to do what it did do, was challenged in any direct proceeding.    Can it be done now in this action?"

We have also examined the case, so cited, in the 35th O. S., page 550.    The doctrine announced in that case, at first reading, does seem opposed to the decision in the 16th O. S., above quoted, and the many decisions of the Supreme Court, both before and after the 35th O. S.    A careful examination of the facts in that case, however, and of the decision of the court, we think warrants the conclusion that the decision was based, as the court itself says, on the circumstances of that particular case.

We are unable to discuss the numerous authorities, outside of Ohio, cited by counsel for defendant.    Some of these, for reasons heretofore suggested, are not applicable;    others are not applicable for the reason that the decision was rendered in a case that was taken up on appeal or error, and therefore was not in a case wherein the judgment of the lower court was collaterally attacked.    We call attention, however, to two of the cases so cited, viz., 13 Wallace, and 12 Federal Reporter, page 393.    If these cases are to be considered as authority in Ohio, then they conclusively determine the issues involved in the case at bar, against counsel citing them.

The court say, in the syllabus of the case in the 12 Federal Reporter, page 393:

"The decision of the surrogate as to the competency of a person to serve and to whom letters testamentary were issued, can not be collaterally attacked."

If the attention of the probate court was called to this matter by any one having an interest in either the estate of Adolphus H. Smith, or in this suit, we think there is no doubt but that the mistake of law formerly made by the probate court would be corrected.

Judge Rockel, in his work on Ohio Probate Court Practice, at Section 211, says:

"It may be said to be an inherent power residing in every court to correct an error which may have been committed. This the court might do of its own motion, although it will not generally so set aside an appointment which has been wrongfully made."

Judge Gray, in 12 Allen, page 1, says:

"This power does not make the decree of the court of probate less conclusive in any other court, or in any way impair the probate jurisdiction, but renders that jurisdiction more complete and effectual."

Section 6017, Revised Statutes, gives the probate court the right to remove an executor for the various reasons therein enumerated, and also gives the probate court the right to remove an executor for any other cause which in the opinion of the court renders it for the interest of the estate that such executor or administrator be removed.

The Supreme Court of Alabama, in 79 Alabama, page 505, says:

"When letters of administration have been granted improvidently or irregularly, the court granting the same has the inherent power to revoke them, either on its own motion or on the application of any person in interest."   *   *   *

Counsel for plaintiff contend that the defendant can in no way be affected by the present executor securing this revivor, as the executor is at least an executor *de facto*, and its acts bind everyone until it is actually removed.

The defendant insists that the appointment is absolutely void, and that the doctrine relating to *de facto* officers applies only to public officers, and not to such officers as administrators, executors, guardians, etc. If the trust company is a *de facto* executor, then its acts would be binding until it was removed by direct proceedings in the probate court. The decision of the circuit court, as reported in 26 Ohio Circuit Court Reports, page 317, would seem to indicate that the court did not consider the appointment of a trust company as executor as being absolutely void. The court held, in that case, that where a trust company which was, without objection, appointed executor of an estate by the probate court prior to the recent decision of the Supreme Court holding Sections 3821c and 3821f, unconstitutional, and which has since performed and the estate received the benefits of such services, is entitled to reasonable compensation therefor.

The Supreme Court in rendering the decision reported in 35th O. S., 554, relied upon by counsel for defendant, says:

"Amanda being the administratrix of Horatio S. Kinney, was ineligible to be guardian of the estate of a minor who was interested in the estate of decedent. She was merely a guardion *de facto*."

If the reasoning of the Supreme Court in the 35th O. S. is correct, then the trust company is a *de facto* executor, and the defendant can not be prejudiced by its actions in this case.

We think the probate court had jurisdiction to hear and determine the question as to whether or not the trust company was legally competent to exercise the powers and perform the duties of executor. If the probate court has not jurisdiction to hear and determine the question of the competency of an executor named in the will, what tribunal has jurisdiction to hear and determine such questions primarily? The common pleas, circuit and supreme courts may review the judgment of the probate court in these matters, but certainly neither of these courts has original jurisdiction to hear and determine the question as to whether or not the executor named in the will is competent.

We think the probate court not only has such jurisdiction, but that it exercised it in this case. Its determination on the ques-

tion of the competency of the executor was wrong, but we think its judgment can not be attacked collaterally.

The case will be revived in the name of the trust company as such executor.