**HARRIS AND LEWIS, Plaintiffs-Appellees, v. BALLACHINO et, Defendants-Appellants.**

Ohio Appeals, Eighth District, Cuyahoga County.

No. 22315. Decided December 24, 1951.

Kuth & Meyers, Cleveland, for plaintiffs-appellees.
Louis A. Perry, Cleveland, for defendants-appellants.

## OPINION

By SKEEL, PJ.:

This appeal comes to this Court on questions of law from a judgment of the Municipal Court of Lakewood, overruling the defendants' petition to vacate a judgment entered against them on a cognovit note. The judgment by confession, without the service of process upon the defendants was entered by the court September 20, 1950. The petition to vacate the judgment was filed on June 25, 1951 under the provisions of §11631 GC which section sets forth the grounds upon which a judgment may be vacated after term. The grounds set forth in the petition were that the judgment was obtained on a warrant of attorney for more than was due when the defendants were not summoned or otherwise legally notified of the time and place of the taking of judgment under paragraph 9 of said section.

The defendants, Paul and Louis Ballachino, by their petition, further allege that they were minors when they signed the note on July 9, 1942; that they were inducted into the service of the Army of the United States and were unable to give notice of disaffirmance. The petition further alleges that the defendants first knowledge of the judgment was in June, 1951, when an action in foreclosure was instituted on the basis of said judgment and that they now disaffirm said obligation because they were minors when the note was signed.

They further claim that the plaintiffs are assignees of the note upon which judgment was taken, the action being instituted by plaintffis as a partnership, in a fictitious name, without first having filed a certificate with 'the county clerk as provided by §8104 GC.

The claim that the plaintiff as a partnership had no legal right to bring the action without registering as provided by law is completely disposed of by the case of **Czatt v. Case, 61 Oh St 392.** The syllabus provides:

"Where the firm name in which a copartnership transacts business in the state contains the surnames of all the members of the firm, and none other, it is not a fictitious name or designation not showing the names of the persons who constitute the firm within the meaning of the statute requiring a certificate to be filed with the clerk showing the full names of such persons."

This case is cited in the note following the case of Kusnitzky v. Ins. Co. 281 S. W. 47 (Missouri Sup. Ct. 1926) 45 A. L. R. 189 at page 258, as supporting the weight of authority.

The claims of error that the court should have vacated the judgment because the amount thereof was for more than was due and that the defendants were minors when the contract was made and that they now disaffirm the same, must be overruled. If the allegations of the petition were supported by credible evidence, there could be no question but that the failure to order a new trial would constitute prejudicial error. The only way such error can be demonstrated, however, is by a bill of exceptions. No such bill was filed as provided by law and this Court is, for that reason, unable to determine whether the overruling of the defendants' petition to vacate constituted prejudicial error.

For the foregoing reasons the judgment overruling defendants' petition to vacate plaintiff's judgment must be affirmed. Exceptions. Order see Journal.

HURD, J, THOMPSON, J, concur.