DURIS ENTERPRISES, APPELLEE, *v.* MOORE, APPELLANT.

(No. 82AP-542—Decided April 5, 1983.)

*Mr. Ray J. King,* for appellee.
*Messrs. Matan, Rinehart & Smith* and *Mr. Christopher J. Geer,* for appellant.

MOYER, J. This case is before us on defendant-appellant's appeal from a judgment of the Franklin County Municipal Court finding that defendant, Robert N. Moore, had breached his lease agreement with plaintiff-appellee, Duris Enterprises.

Plaintiff-lessor, a partnership, leased premises in Gahanna to defendant for a period of one year. When defendant vacated the premises before the expiration of the term and plaintiff was unsuccessful in its attempts to relet the premises, plaintiff brought suit against defendant for breach of the lease. Defendant filed a motion to dismiss, alleging that, since plaintiff was a partnership doing business under a fictitious name,

plaintiff was precluded from bringing suit until it registered its name with the Secretary of State as required by R.C. 1329.01. The trial court overruled defendant's motion to dismiss and entered judgment on the merits for plaintiff.

Defendant appeals, raising the following three assignments of error:

"I. The trial court erred by not finding that 'Duris Enterprises' is a fictitious name within the meaning of O.R.C. Sec. 1329.01(A)(2).

"II. The trial court erred in holding that plaintiff-appellee's compliance with O.R.C. Sec. 1777.02 vitiates the constraints of O.R.C. Sec. 1329.10(B).

"III. The trial court erred in not granting defendant-appellant's motion to dismiss based on plaintiff-appellee's noncompliance with O.R.C. Sec. 1329.10(B)."

R.C. 1329.10(B) provides that:

"No person doing business under a * * * fictitious name shall commence or maintain an action in the * * * fictitious name in any court in this state or on account of any contracts made or transactions had in the * * * fictitious name until it has first complied with section 1329.01 of the Revised Code and, if the person is a partnership, it has complied with section 1777.02 of the Revised Code * * *."

R.C. 1329.01(C) requires that:

"Any person who does business under a fictitious name * * * shall report the use of the fictitious name to the secretary of state. The secretary of state shall prescribe the form for the report, which shall include the name and address of the user, the nature of the business conducted, the exact form of the fictitious name used and, if the user is a general partnership, the names and residence addresses of all the partners * * *."

It is conceded that plaintiff did not file its name with the Secretary of State pursuant to R.C. 1329.01(C) before commencing this action. Thus, it is clear that if plaintiff is doing business under a fictitious name, plaintiff is not entitled to bring suit in the state of Ohio until the fictitious name is registered with the Secretary of State. Plaintiff contends that "Duris Enterprises" is not a fictitious name since all of plaintiff's partners have the surname "Duris." Defendant contends that any name which does not fully reveal the identity and full legal name of the partners is a fictitious name. Defendant argues that, since the name "Duris Enterprises" does not reveal the fact that plaintiff is a partnership, the number of partners or the given names of the partners, "Duris Enterprises" is a fictitious name.

Since R.C. 1329.01(A)(2) defines "fictitious name" as "* * * a name used in business or trade that is fictitious * * *," the statutory definition is not helpful to us in determining whether plaintiff's name is fictitious. Webster's Third New International Dictionary (1966), states that "fictitious" is synonymous with imaginary or assumed. Likewise, Black's Law Dictionary (5 Ed. 1979) defines "fictitious name" as:

"A counterfeit, alias, feigned, or pretended name taken by a person, differing in some essential particular from his true name (consisting of Christian name and patronymic), with the implication that it is meant to deceive or mislead. * * *"

Plaintiff's name does not appear to be the type of name contemplated by these definitions. "Duris Enterprises" is not assumed, counterfeit or pretended. It reveals the true surname of the partners. Likewise, plaintiff's partners do not appear to be attempting to hide behind the name.

Although cases can be found in other jurisdictions to support either plaintiff's or defendant's position, the case law in Ohio supports plaintiff's argument that "Duris Enterprises" is not a fictitious name.

In the late nineteenth century, the Court of Common Pleas of Logan County held that:

"It is the intent of the statute to furnish the public a means of finding out who

are the members of a partnership, going under a fictitious name * * *. The full names of the partners do not have to appear in the firm name. * * *'' (*Clark & Snyder* v. *Doe* [1896], 7 Ohio N.P. 613, 8 Ohio Dec. 685. See, also, *Burkhart* v. *German-American Bank* [S.D. Ohio 1904], 137 F. 958, 960.)

While that case is not binding upon this court, its reasoning is persuasive. If the surname (or surnames) of the partners appears in the name of the partnership, interested persons may easily inquire and discover the full legal names of the partners if they desire to do so. In the present case, this reasoning is supported by the fact that Duris Enterprises was properly registered with the Clerk of Courts of Franklin County as a partnership pursuant to R.C. 1777.02. See our disposition of defendant's third assignment of error, *infra*. This registration allows interested parties to ascertain the identity of the partners of Duris Enterprises.

The Ohio courts have frequently quoted with approval from an 1890 California case, *Pendleton* v. *Cline* (1890), 85 Cal. 142, 24 P. 659. We agree with the following statement from that case:

"* * * [I]f the legislature had meant so unusual a thing as a firm name showing the *full* names of all the partners, it would have * * * said so explicitly, — just as it did do in speaking of names to be inserted in the certificate. * * * [The purpose of the statute] is satisfied by information as to the surnames of the partners. * * *'' (*Id.* at 144.)

Several Ohio cases have reasoned that, since the fictitious name statute is a statute in the nature of a penalty, it should not be strictly construed against a partnership. *Cochran* v. *Hirsch* (1896), 4 Ohio N.P. 34, 6 Ohio Dec. 41; see *K. B. Co.* v. *Batie* (1903), 2 Ohio C.C.(N.S.) 358, 25 Ohio C.C. 482.

Furthermore, the following statement has been repeated or paraphrased in several Ohio cases:

"Where the firm name * * * contains the surnames of all the members of the firm, and none other, it is not 'a fictitious name * * *' within the meaning of the statute requiring a certificate to be filed with the clerk showing the full names of such persons.'' (*Czatt* v. *Case* [1899], 61 Ohio St. 392, syllabus; see, also, *Harris & Lewis* v. *Ballachino* [App. 1951], 62 Ohio Law Abs. 139; *Drott* v. *Bateman & Harper* [1899], 20 Ohio C.C. 711, 10 Ohio C.D. 824; *Kinsey & Co.* v. *Ohio S. Ry. Co.* [1895], 3 Ohio Dec. 249, 2 Ohio N.P. 175, 177.)

The name "Duris Enterprises" contains the surname of all of the partners and no other names, thus, under the reasoning of these early Ohio cases (there do not appear to be any more recent reported Ohio cases), it is not a fictitious name.

Ohio courts have held that associations conducting business in all of the following names are not within the statute and are not required to register with the Secretary of State: "Bateman & Harper," *Drott* v. *Bateman & Harper, supra;* "Case & Taylor," *Czatt* v. *Case, supra;* "Hirsch Brothers," *Cochran* v. *Hirsch, supra*.

Numerous cases from other jurisdictions have held that the name of a partner followed by "& Co." is not a fictitious name, e.g., *Patterson* v. *Byers* (1907), 17 Okla. 633, 89 P. 1114, and that the name of a partner followed by "& Son" is not fictitious when the partners are a parent and son, e.g., *Commonwealth* v. *Richey* (1916), 171 Ky. 330, 188 S.W. 397.

In light of the long-established intent of the statute, the courts' continuing refusal to construe the statute strictly against partnerships, and our review of the pertinent Ohio case law, we hold that the name "Duris Enterprises" is not a fictitious name and that plaintiff was not required to register with the Secretary of State before bringing suit in the partnership name. Defendant's first assignment of error is not well-taken and is overruled.

Defendant's second assignment of error concerns R.C. 1777.02, which at the time pertinent herein read as follows:

"* * * [E]very partnership transacting business in this state under a fictitious name, or under a designation not showing the names of the persons interested as partners therein, must file, with the clerk of the court of common pleas of the county in which its principal office or place of business is situated and of each county in which it owns real property, a certificate to be indexed by him, stating the names in full of all the members of the partnership and their places of residence. * * *"

Defendant concedes that plaintiff had complied with this provision by filing the requisite certificate with the Franklin County Clerk of Courts. Defendant argues, however, that the filing required by R.C. 1777.02 cannot take the place of the filing required by R.C. 1329.01. Due to our holding that "Duris Enterprises" is not a fictitious name and that plaintiff is not required to comply with R.C. 1329.01, we need not consider whether filing under R.C. 1777.02 may properly substitute for the filing required by R.C. 1329.01. Defendant's second assignment of error is overruled.

Likewise, since defendant's motion to dismiss was based on defendant's claim that plaintiff was not entitled to bring suit until it complied with R.C. 1329.01, and since we have held that plaintiff was not required to comply with that statute, the trial court properly overruled defendant's motion to dismiss. Defendant's third assignment of error is overruled.

For the foregoing reasons, the judgment of the trial court is affirmed.

*Judgment affirmed.*

WHITESIDE, P.J., and REILLY, J., concur.

WHITESIDE, P.J., concurring. The partnership name of Duris Enterprises is not a fictitious name within the contemplation of the filing requirements of R.C. 1329.01 or the prohibition of R.C. 1329.10(B). However, my conclusion is based upon the statute itself, not the illusory basis used by the majority.

With respect to the partners of plaintiff, Duris Enterprises, the name is fictitious, and the fact that all of them have the surname "Duris" does not render the name any less fictitious as to them.

However, R.C. 1329.01(A)(2) defines a fictitious name as "a name used in business or trade that is fictitious." On the other hand, R.C. 1329.01(C) provides that "[a]ny *person* who does business under a fictitious name * * * shall report the use of the fictitious name to the secretary of state. * * *" (Emphasis added.)

R.C. 1329.01(A)(3) defines "person" to include "any * * * partnership * * *."

Here, as to the partnership, there is nothing fictitious about the name. It is the partnership's actual name. As to the *person* involved (the partnership), the name is not fictitious. The plaintiff in this case is a partnership, Duris Enterprises. There is no indication that plaintiff has ever used any name but its own in conducting business. R.C. 1329.10(B) has no application here.

R.C. 1777.02 covers the situation where the name of the partnership does not include the name of the partners, as well as the situation where the partnership transacts business under a fictitious name. Since the partnership name does not show the name of the partners, a filing pursuant to R.C. 1777.02 was required and was made by plaintiff. Doing business in the partnership name, however, is not transacting business in a fictitious name since the partnership, as an entity, is transacting business in its own name.

For this reason, I concur in the judgment.