[Cite as *Udrija v. E. Cleveland*, 2016-Ohio-288.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 102406**

## TRACY L. UDRIJA D.B.A. UDRIJA & ASSOCIATES

PLAINTIFF-APPELLEE

vs.

## CITY OF EAST CLEVELAND

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-14-821810

**BEFORE:** Kilbane, J., Celebrezze, P.J., and S. Gallagher, J.

**RELEASED AND JOURNALIZED:** January 28, 2016

**ATTORNEY FOR APPELLANT**

Willa M. Hemmons
Director of Law
City of East Cleveland
24490 Fairmount Boulevard
Cleveland, Ohio 44122

**ATTORNEY FOR APPELLEE**

Darryl E. Pittman
Pittman & Alexander, Attorneys At Law
2490 Lee Road
Suite 115
Cleveland, Ohio 44118

MARY EILEEN KILBANE, J.:

**{¶1}** Defendant-appellant, the city of East Cleveland ("East Cleveland"), appeals from the trial court's judgment denying its motion for judgment notwithstanding the verdict ("JNOV"), or in the alternative, motion for a new trial, after judgment was awarded to plaintiff-appellee, Tracy Udrija ("Udrija"), for breach of contract. Having reviewed the limited record provided on appeal, we find no error and therefore affirm.

**{¶2}** The United States Department of Housing and Urban Development has designated East Cleveland as an "Entitlement Community" by the United States Department of Housing and Urban Development. As a result, East Cleveland is authorized to receive Community Development Block Grants ("CDBG") for acquiring real property, rehabilitating residential and nonresidential property. In January 2010, East Cleveland undertook a search for a project manager to oversee its CDBG program, as well as its Neighborhood Stabilization Program ("NSP") and Home Program for home renovations.

**{¶3}** On January 21, 2010, Udrija, acting as "Principal of Udrija & Associates," submitted a proposal for serving as project manager. East Cleveland city council accepted the proposal on February 2, 2010, and passed Resolution No. 04-10, which authorized Udrija & Associates to be hired. On March 20, 2010, East Cleveland Mayor Gary Norton and Udrija, as principal of Udrija & Associates, signed a professional services agreement. This agreement outlined the scope of the services to be performed

and provided a fixed contract amount of $30,000. In relevant part, the agreement provided the following:

> For undertaking performance of the services and requirements in the Request for Proposals for the City of East Cleveland's CDBG and HOME Entitlement Programs and the Neighborhood Stabilization Program as well as those enumerated in the Scope of Service, the City shall pay Udrija and Associates the fixed contract amount of Thirty Thousand and 00/100 Dollars ($30,000).

{¶4} On February 12, 2014, "Udrija dba Udrija & Associates," filed suit against East Cleveland, alleging that it had fully performed all obligations required under the contract, but had not received payment. On March 18, 2014, East Cleveland filed an answer in which it denied liability and set forth various affirmative defenses, including that Udrija & Associates had failed to fulfill the requirements of the parties' agreement, that Udrija was not the real party in interest, and that the parties had not entered into a lawful contract.

{¶5} The matter proceeded to a jury trial on October 1, 2014. At the conclusion of the three-day trial, the jury found in favor of "Tracy Udrija, Plaintiff." In special interrogatories, the jury concluded that "plaintiff Tracy L. Udrija proved by a preponderance of the evidence that she is entitled to money damages against Defendant East Cleveland," and awarded her $30,000. On October 3, 2014, judgment was entered for $30,000 "in favor of the Plaintiff Tracy Udrija and against the defendant City of East Cleveland."

{¶6} On October 31, 2014, East Cleveland filed a motion for a new trial and alternative motion for JNOV. In support of its motion, East Cleveland argued that

Udrija entered into the contract as Udrija and Associates, which was never registered as a trade name or fictitious name with the Ohio Secretary of State prior to final judgment. Rather, East Cleveland noted that Udrija registered "Udrija and Associates" as a limited liability company on September 30, 2014. Therefore, East Cleveland argued, since Udrija and Associates was not registered as a trade name or fictitious name when the contract was awarded and prior to the verdict, Udrija and Associates lacked capacity to enter into the contract and had no standing to sue. The city additionally argued that Udrija had failed to submit proof that she completed the work required under the contract, performed only minimal services, engaged in fraud in the inducement because of misrepresentations about her staff, and was improperly permitted to testify that city officials interfered with her work.

{¶7} In opposition, Udrija argued that she completed all required work, and that East Cleveland's motion for a new trial and alternative motion for JNOV was untimely. Udrija also maintained that she had standing to sue because she did so in her real name, which additionally included the "dba Udrija and Associates." She also noted that relevant correspondence from East Cleveland was addressed in her real name, not in a trade name or fictitious name, and that in any event, the final judgment was rendered to her in her real name alone.

{¶8} On December 10, 2014, the trial court denied the motion for a new trial and the alternative motion for JNOV.

{¶9} East Cleveland now appeals, assigning the following errors for our review:

Assignment of Error One

The court committed prejudicial error in denying the city of East Cleveland Civ.R. 59 relief as Tracy Udrija's noncompliance with R.C. 1329.01 mandated a determination that her action failed to commence.

A.   Absent compliance with R.C. 1329.10, Tracy Udrija was under a positive disability and could not maintain her action.

B.   Waiver of the defense of lack of capacity would violate public policy.

Assignment of Error Two

Tracy Udrija lacked standing to assert her claims and accordingly the judgment rendered must be vacated.

Assignment of Error Three

The court abused its discretion and committed prejudicial error in overruling Appellant's objection to Appellee's opening argument.

{¶10} Within the first and second assignments of error, East Cleveland urges this court to use its inherent authority to find that by application of R.C. 1329.10, Udrija lacked capacity to enter into a contract as "Udrija & Associates" and lacked standing to sue.   In support of this argument, East Cleveland notes that this entity was not registered as a trade name or fictitious name when the contract was awarded or when judgment was rendered, but rather, was not registered as a limited liability company until September 30, 2014, which was days before the final verdict.

<u>Record on Appeal</u>

{¶11} An appellant has the duty to exemplify any alleged errors by reference to matters in the trial court record. *See Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 199, 400 N.E.2d 384 (1980). This duty may be discharged by supplying a reviewing court with a verbatim transcript of the proceedings as provided in App.R. 9(B), a narrative statement of the proceedings as allowed in App.R. 9(C), or an agreed statement of the record as provided for in App.R. 9(D). "When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings and affirm." *Knapp* at 199.

{¶12} In this matter, East Cleveland submitted an "agreed statement" that provided the following:

1.  Appellee filed her complaint for breach of contract based on performance on February 12, 2014.

2.  Trial was held from September 24, 2014 through September 26, 2014 before [a visiting judge].

3.  On September 26, 2014 the Jury returned a verdict in favor of Appellee awarding her $30,000.00. The Jury Verdict was journalized on October 3, 2014.

4.  Appellant appealed on December 23, 2014, asserting grounds of:

    a.  The court erred to the prejudice of Appellant in not admitting evidence.

    b.  The real party in interest was Tracy L. Udrija dba Udrija & Associates.

c. The trial court erred to the prejudice of Appellant where it denied Defendant's Supplemental Motion For Judgment Notwithstanding The Verdict Or Alternatively Motion For A New Trial as the weight of the evidence was incapable of sustaining Appellee's claim for breach of contract.

{¶13} This agreed statement, however, was stricken by this court on September 17, 2015, because it was not approved by the trial court. In any event, the agreed statement as submitted is insufficient to support the assigned errors because it does not touch upon any of the requirements of R.C. Chapter 1329 regarding the filing of fictitious names or trade names and does not address whether those requirements were met herein. Accordingly, we cannot rely upon the agreed statement in this matter.

Fictitious Entities and R.C. Chapter 1329

{¶14} Pursuant to R.C. 1329.01(D), "[a]ny person who does business under a fictitious name and who has not registered * * * the fictitious name as a trade name * * * shall report the use of the fictitious name to the secretary of state, on a form prescribed by the secretary of state[.]" Required information includes the name and business address of the user, the fictitious name, the name and address of at least one partner if the user is a general partnership, and the form of the entity and state under whose laws it was formed, if the user is a limited partnership, a corporation, professional association, limited liability company, or other entity. *Id.*

{¶15} Where a person does business under a name that includes no part of the person's legal name, neither first name nor surname, then the business name is a fictitious

name. *Cheliotis v. Gould*, 2d Dist. Montgomery No. 14471, 1994 Ohio App. LEXIS 5606, *7 (Dec. 14, 1994).

{¶16} Ohio courts have held, however, that where the business operates under a name that contains the partners' surnames, and no other names, the name is not fictitious. *Duris Ents. v. Moore*, 9 Ohio App.3d 99, 101, 458 N.E.2d 451 (10th Dist.1983). In *Duris,* the court considered whether the entity "Duris Enterprises" was a fictitious name and subject to the filing requirements of R.C. 1329.01. The court noted that all of plaintiff's partners had the surname "Duris," and that the use of this name was not "counterfeit, alias, feigned, or pretended name taken by a person, differing in some essential particular from his true name with the implication that it is meant to deceive or mislead." *Id*. at 100. The court further noted that there is clear precedent in Ohio that the business's use of the partner's surname, followed by "& Co." or "& Sons," is not a fictitious entity within the meaning of R.C. 1329.01. *Id*. at 101.

{¶17} We recognize that a person doing business under an unregistered, fictitious name lacks legal capacity to sue. R.C. 1329.10; *Buckeye Foods v. Cuyahoga Cty. Bd. of Revision*, 78 Ohio St.3d 459, 1997-Ohio-199, 678 N.E.2d 917. Upon proper compliance however, "an action may be commenced or maintained on any contracts and transactions entered into *prior to compliance*." R.C. 1329.10(B). (Emphasis added.) Under this provision, if the plaintiff registered the business name with the Secretary of State pursuant to R.C. 1329.01 prior to the final judgment, then it has standing and capacity to maintain its cause of action. *Id*.; *Debney v. Lancaster*, 10th Dist. Franklin No. 09AP-417,

2009-Ohio-6121, ¶ 8 ("If appellees complied with R.C. 1329.10 at any time prior to the entry of final judgment, they would have had the capacity to maintain this action despite the fact that the fictitious name had not been reported, or the trade name had not been registered, at the time the contract was made."). *See also Café Miami v. Domestic Uniform Rental*, 8th Dist. Cuyahoga No. 87789, 2006-Ohio-6596.

{¶18} In this matter, since no transcript of the proceedings has been provided on appeal, and the agreed statement has been stricken, this court is required to apply the presumption of regularity and conclude that the evidence presented in the three-day trial was sufficient to establish the issues of contractual capacity and standing to sue. *Debney* at ¶ 8. From the limited record provided, we must presume that the entity "Udrija & Associates" derived its name from Tracy's Udrija's surname, without intent to mislead. In any event, the record demonstrates that Udrija registered "Udrija and Associates" as a limited liability company on September 30, 2014, which was prior to the final verdict. Therefore, under to R.C. 1329.10(B), Udrija was permitted to maintain the action upon the contract entered into prior to her compliance with the filing statutes. Finally, we note that the final judgment rendered in this matter was awarded "in favor of the Plaintiff Tracy Udrija and against the defendant city of East Cleveland," or in favor of Udrija in her individual capacity, thereby rendering moot the issue of standing to sue.

## Opening Statement

{¶19} In the third assignment of error, East Cleveland complains that during counsel's opening remarks at trial, Udrija's counsel improperly discussed the issue of

actual malice, which is irrelevant to the breach of contract claim. East Cleveland argues that the trial court erred in failing to issue a curative instruction.

{¶20} In this matter, however, no transcript or other record has been provided to support this issue. Therefore, we have nothing to pass upon and must presume the validity of the lower court's proceedings and affirm.

{¶21} The third assignment of error is without merit.

{¶22} East Cleveland's assignments of error are overruled.

{¶23} Judgment is affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MARY EILEEN KILBANE, JUDGE

FRANK D. CELEBREZZE, JR., P.J., and
SEAN C. GALLAGHER, J., CONCUR