### BURKHART v. GERMAN–AMERICAN BANK.

(District Court, S. D. Ohio. November, 1904.)

BANKRUPTCY—BANKS—PARTNERSHIP.

    Bankr. Act July 1, 1898, c. 541, § 1, cl. 6, 30 Stat. 544 [U. S. Comp. St. 1901, p. 3419], declares that "corporations" shall mean all bodies having any of the powers and privileges of private corporations not possessed by individuals or partnerships, and shall include limited or other partnership associations organized under laws making the capital subscribed alone responsible for the debts of the association. Section 4 declares that private bankers, but not national banks or banks incorporated under state or territorial laws, may be adjudged involuntary bankrupts; and section 5 (30 Stat. 547 [U. S. Comp. St. 1901, p. 3424]) provides that a partnership during the continuance of its business or after its dissolution and before settlement may be adjudged a bankrupt. *Held*, that where an association of individuals was formed to carry on the business of a private bank, as authorized by Laning's Rev. Laws Ohio, § 4891 et seq. (Bates' Ann. St. § 3170–1 et seq.) but was not incorporated, it was a partnership, and as such subject to be adjudged a bankrupt, though it was entitled to exercise some of the attributes of a corporation.

    [Ed. Note.—For cases in point, see vol. 6, Cent. Dig. Bankruptcy, §§ 17, 21.

    What persons are subject to bankruptcy law, see note to Mattoon Nat. Bank v. First Nat. Bank, 42 C. C. A. 4.]

In Bankruptcy.

Van Deman, Burkhart & Shea, for plaintiff.

Van Pelt, Dale & Ferneding, A. J. Hess, W. J. Emmons, Goeke & Haskins, and Prescott Smith, for defendant.

THOMPSON, District Judge. The petition, as amended, among other things alleges that the German-American Bank is a partnership engaged in the general banking business; that it and each and

all of the copartners composing it are insolvent; that in an action brought in the common pleas court of Shelby county, Ohio, a receiver was put in charge of its property because of its insolvency; that on or about August 23, 1904, it transferred, while insolvent, a portion of its property to certain of its creditors, with intent to prefer such creditors over its other creditors; and prays that the bank and copartners composing it, and each of them, may be adjudged bankrupts. The defenses are:

(1) That the bank is not a copartnership, but a corporation. (2) It says that it was not a party to the suit in which the receiver was appointed, and it claims that the evidence shows that the receiver was appointed upon an ex parte hearing to protect and preserve the property for the time being and until the further order of the court.

It is not denied, and the evidence conclusively shows, that the bank is, and was at the time of the appointment of the receiver and at the time of the filing of the petition herein, insolvent; and it is not denied, and the evidence conclusively shows, that the defendant within four months preceding the filing of the petition in bankruptcy transferred a portion of its property with intent to prefer certain of its creditors; and the question presented for the determination of the court is whether the defendant is a corporation, and not a partnership. Clause 6, § 1, c. 541, Bankr. Act July 1, 1898 (30 Stat. 544 [U. S. Comp. St. 1901, p. 3419], 11 O. F. D. 76), defining the words and phrases used in the act, declares that:

"Corporations shall mean all bodies having any of the powers and privileges of private corporations not possessed by individuals or partnerships, and shall include limited or other partnership associations organized under laws making the capital subscribed alone responsible for the debts of the association."

And it is urged that this bank, having some of the powers and privileges of a private corporation not possessed by individuals or partnerships, is a corporation, and not a partnership, and that therefore the petition must be dismissed. But this clause must be construed in connection with section 4 of the act (30 Stat. 547 [U. S. Comp. St. 1901, p. 3423]), which provides as follows:

"Any unincorporated company, and any corporation engaged principally in manufacturing, trading, printing, publishing, mining, or mercantile pursuits, owing debts to the amount of $1,000 or over, may be adjudged an involuntary bankrupt upon default or an impartial trial, and shall be subject to the provisions and entitled to the benefits of this act. Private bankers, but not national banks or banks incorporated under state or territorial laws, may be adjudged involuntary bankrupts."

And with section 5 of the act (30 Stat. 547, 548 [U. S. Comp. St. 1901, p. 3424]), which provides that:

"A partnership, during the continuation of the partnership business, or after its dissolution and before the final settlement thereof, may be adjudged a bankrupt."

This bank is an unincorporated company, and under the laws of Ohio and for general purposes is a partnership, and for the purpose of banking is a private banker, but the contention is that it must be deemed to be a corporation for the purpose of administering its as-

sets in bankruptcy, and it is urged, that to hold otherwise would nullify the provisions of clause 6, § 1. .The broad terms of clause 6, § 1; are, however, limited by sections 4 and 5 in relation to who may become bankrupts. In this respect sections 4 and 5 distinguish unincorporated companies and private bankers and ordinary partnerships from corporations. It is difficult to conceive of an unincorporated company (as distinguished from a corporation and an ordinary partnership) without any of the powers and privileges of a private corporation, for without any of these powers and privileges it would be an ordinary partnership. It is generally understood to be a body or association occupying middle ground between partnerships and stock corporations, possessing some of the powers and privileges of both, and is generally so recognized by the courts; and section 4 may have contemplated such an unincorporated company, thereby limiting the definition of "corporations," at least for the purpose of adjudications in bankruptcy, to bodies organized under laws making the capital subscribed alone responsible for their debts. Clause 6, as construed by counsel for the respondents, would conflict with section 5, and deprive creditors of the right to have the individual property of the partners administered for their benefit by the bankrupt courts. It would be reasonable to treat as corporations bodies whose subscribed capital stock is alone responsible for their debts, but it would be contrary to the spirit and purpose of the bankrupt act to deprive creditors of the right to have the individual property of partners administered for their benefit by the bankruptcy courts simply because the partnership contract invested the partnership with authority to exercise some of the powers or privileges of a corporation. Laning's Rev. Laws, §§ 4891, 4892, 4893, 4894, 4895, 4896, 4897 (Bates' Ann. St. §§ 3170–1 to 3170–7) require unincorporated joint stock companies and banking partnerships, doing business in the state under a fictitious name or designation not showing the names of the persons interested as partners in such business, to file once a year with the clerk of the court of common pleas of the county in which its principal office or place of business is situated, the names in full of all the members of such partnerships and their places of residence. One of the purposes of this law manifestly is to advise those dealing with such partnerships who the partners are, so that they may be able to enforce their rights against not only the partnership but its members.

This bank is a partnership, formed for the purpose of carrying on the business of banking as a private banker, such as is contemplated by Laning's Rev. Laws, § 4891 (Bates' Ann. St. § 3170–1) et seq. and as such, may be adjudged a bankrupt.