## In re SEABOARD FIRE UNDERWRITERS.

(District Court, S. D. New York. May 18, 1905.)

No. 8,004.

1. PROCESS—SERVICE—DEMURRER.

An objection to an involuntary bankruptcy petition that the court had no jurisdiction because the subpœna was improperly served can be raised only by motion or by defense at the trial, and not by demurrer.

2. SAME—BANKRUPTCY—FIRE LLOYDS—UNINCORPORATED ASSOCIATION.

An unincorporated Lloyd's association of fire underwriters is subject to adjudication as an involuntary bankrupt under Bankr. Act July 1, 1898, c. 541, § 4b, 30 Stat. 547 [U. S. Comp. St. 1901, p. 3423], declaring that a natural person, other than a wage earner or a person engaged chiefly in farming, etc., and any unincorporated company, and any corporation engaged principally in manufacturing, trade, printing, publishing, mining, or mercantile pursuits, owing debts to the amount of $1,000 or over, may be adjudged an involuntary bankrupt, etc.

[Ed. Note.—What persons are subject to bankruptcy law, see note to Mattoon Nat. Bank v. First Nat. Bank, 42 C. C. A. 4.]

In Bankruptcy.

George M. Curtis, for alleged bankrupt.

Robert Van Iderstine, for petitioning creditors.

HOLT, District Judge. This is a demurrer to a petition in involuntary bankruptcy. The petition is brought against the Seaboard Fire Underwriters, and alleges that the Seaboard Fire Underwriters is an unincorporated company engaged in the business of fire insurance, the business being carried on by S. Richard Tobin and Thomas R. Tobin, doing business as Tobin & Tobin, as attorneys in fact and managers thereof; that the company was originally organized in 1892 under the name of the Fireman's Fire Lloyds of New York; and that its name had been subsequently changed. A copy of the articles of association is attached to the petition. This instrument is in the usual form for the organization of that class of associations which were organized in New York about 1892, previous to the passage of the act forbidding further organization of such companies, which were known as "Fire Lloyds," the general characteristic of which was that policies were to be issued by underwriters whose liability was several on each policy, and not joint, as though each underwriter had issued a separate and individual policy; the business being conducted by the managers. The amended answer contains a paragraph at the end alleging that the defendant demurs to the petition upon the ground, in substance, that the court has no jurisdiction because the subpœna was served upon one of the managers, and not upon each of the underwriters. In my opinion, this is no ground of demurrer. A demurrer attacks the sufficiency of the allegations in the petition. If process has not been served so as to properly bring into court the alleged bankrupt, the remedy is by motion or by defense on the trial. On the argument, however, of the demurrer, the ground was also taken that the petition, on its face, did not state facts sufficient to authorize an adjudication. The grounds, as I understand

them, upon which this claim was made, were that this association called the "Seaboard Fire Underwriters" could not be proceeded against in bankruptcy as a separate entity, but that it consisted of the underwriters, and that they must be proceeded against individually as if they were partners. The point also was suggested that no company engaged in the business of insurance was subject to the bankrupt act. The bankrupt act provides as follows (section 4b, Act July 1, 1898, c. 541, 30 Stat. 547 [U. S. Comp. St. 1901, p. 3423]):

"Any natural person, except a wage-earner, or a person engaged chiefly in farming or the tillage of the soil, any unincorporated company, and any corporation engaged principally in manufacturing, trading, printing, publishing, mining, or mercantile pursuits, owing debts to the amount of one thousand dollars or over, may be adjudged an involuntary bankrupt upon default or an impartial trial, and shall be subject to the provisions and entitled to the benefits of this act. Private bankers, but not national banks or banks incorporated under state or territorial laws, may be adjudged involuntary bankrupts."

Under this provision, in my opinion, any unincorporated company may be adjudged a bankrupt. The restriction of the liability to involuntary bankruptcy proceedings to corporations of certain classes does not seem to me to apply to this provision of unincorporated companies, and I think, therefore, that any unincorporated company engaged in any kind of business may be put into bankruptcy if it is insolvent and has committed an act of bankruptcy. I see no reason to doubt that the Seaboard Fire Underwriters is an unincorporated company, within the meaning of the bankrupt act. Its articles of association call it an "association." It is not incorporated, and I think it is a company, within the meaning of the term used in the bankrupt act. It has been regularly organized under written articles of association. Its members hold meetings four times a year. It does business and issues policies of insurance under its company name. It is sued by its name, and it is in fact an unincorporated company. If it were a corporation, I have no doubt that it could not be proceeded against, because corporations carrying on the business of insurance are not corporations which, under the bankrupt act, are liable to involuntary proceedings in bankruptcy. Re Cameron Town Ins. Co. (D. C.) 2 Am. Bankr. Rep. 372, 96 Fed. 756. See, also, N. Y. Building Loan Co. (D. C.) 11 Am. Bankr. Rep. 51, 127 Fed. 471, and cases there cited. But as there are no restrictions on the liability to such proceedings of unincorporated companies similar to those applied to corporations, I think that the fact that the Seaboard Fire Underwriters was engaged in the business of fire insurance does not prevent an adjudication. Banking corporations, either national or state banks, are clearly exempt from the provisions of the bankrupt act, but the same section (4b) provides that private bankers may be adjudged involuntary bankrupts. The distinction between one of these unincorporated fire Lloyds and an incorporated insurance company is somewhat similar to the distinction between a private banker and an incorporated bank, and the same reasons which may have led Congress to permit a private banker, but not an incorporated bank,

to be put into involuntary bankruptcy, would apply in the case of an unincorporated company doing an insurance business.

My conclusion is that the motion to dismiss the petition should be denied, and the demurrer overruled, and that the issues raised by the answer should be sent to a referee for trial.