## In re ORDER OF SPARTA.

(District Court, E. D. Pennsylvania. December 26, 1916.)

### No. 5933.

1. BANKRUPTCY ☞70—INSOLVENCY PROCEEDINGS—"COMPANY."

An unincorporated organization to promote fraternity among its members and provide mutual aid and protection through the payment of death benefits is an unincorporated company within the provision of Bankruptcy Act July 1, 1898, c. 541, § 4, 30 Stat. 547, as amended by Act June 25, 1910, c. 412, § 4, 36 Stat. 839 (Comp. St. 1913, § 9588) that any unincorporated company may be adjudged a bankrupt; "company" not being limited to a trading or commercial body.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. ☞70.

For other definitions, see Words and Phrases, First and Second Series, Company.]

2. BANKRUPTCY ☞100(2)—INVOLUNTARY PROCEEDINGS—OPENING ADJUDICATION—QUESTIONS PRESENTED.

Where a petition in involuntary bankruptcy proceedings charged an act of bankruptcy, and there had been an adjudication, the only way to question the existence of an act of bankruptcy is by a motion to open the adjudication and permit that defense to be made; it cannot be considered on a motion to open the adjudication and dismiss the petition.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 131, 144; Dec. Dig. ☞100(2).]

In Bankruptcy. Involuntary proceedings in bankruptcy against the Order of Sparta. On motion to vacate the order of adjudication and dismissing the petition. Motion denied.

Chapman & Chapman, of Philadelphia, Pa., for petitioning creditors.
William S. Wallace and Charles Hunsicker, both of Philadelphia, Pa., for bankrupt.
Emanuel Furth, of Philadelphia, Pa., for objecting creditor.

DICKINSON, District Judge. [1] The ground upon which this motion is based is the absence of jurisdiction in the court. This assertion in turn is based upon the conceded feature of the case that if the court has jurisdiction, it is upheld by the provision of the law that "any unincorporated company" may be adjudged a bankrupt, and the further accord upon the fact that the alleged bankrupt is unincorpo-

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

rated. The difference is upon the question of whether it is a company or such an organization or body as to be within the intendment of the act of Congress. The controversy is one of that class not infrequently arising out of the use of words or phrases in writings and legislative enactments which may have been used to convey a given meaning or an entirely different one. Usually, as here, the question of the intended meaning is rendered more difficult because a choice of phraseology was open, and significance may be thought to attach to the selection of the word or phrase employed. Usually again, as here, one meaning or another and differing one can be supported by arguments of almost equal strength. Such questions can be set at rest only by the voice of authority, declaring in what sense the words were used, and the ruling must be the child of the necessity for giving a declared meaning to the words, rather than be reached through a satisfying conviction of what was in fact intended.

The alleged bankrupt here belongs to one of the types of legal nondescripts which are brought into existence for certain purposes. The purpose of its existence was to promote fraternity of feeling among its members, and to enable them to be of mutual aid and protection to each other through the payment of death benefits, the payment of which was provided for by levying in case of the death of one assessment upon the survivors. It is this feature which has brought it into, or at least to the threshold of, a court of bankruptcy. There is an agreement upon the necessity of some method of winding up its affairs. One method might, perhaps, be through and by an assignment for the benefit of creditors. This at least in form attempted. Another would be through and by a receiver to be appointed in a chancery proceeding. A bill for this purpose is pending. Still another might, at least possibly, be through proceedings in bankruptcy. This is what is now sought.

At the hearing of this motion we had the benefit of very clear and helpful arguments both pro and con. To attempt to compress them within the limits of an opinion would do injustice to their merits. We can advert to only one or two features. One in support of the motion is the ab inconvenienti argument. The policy of the bankrupt law is to place the administration of bankrupt estates in the hands and under the control of creditors. The almost initial step is the election of trustees. To hold this election, we must know who the creditors are and the amounts of their respective claims, in order that the electors may be known and the vote taken and the result declared according to the number of the creditors voting and the amount of their claims. The peculiar relation of the members of the alleged bankrupt and what determines the sums payable to the representatives of deceased members make the conduct of such an election extremely difficult, if not impossible. Congress knew of the existence of unincorporated bodies of these many and differing kinds. When, therefore it came to the choice of a word or words which would be definitive of the class intended, it did not use the word of which use has just been made and define it as "any unincorporated body," but used instead the word "company." It might have used one or more of many words. For illustration, it

might have chosen the word "association," or "organization," "league," "brotherhood," "lodge," "society," and the like, or any collocation of them. It chose the word "company." Why this choice? Because this word, as none of the others do, carries with it the idea of a trading or commercial body, and this idea is in consonance with the historic and traditional thought associated with bankruptcy proceedings. On the other hand, we have presented the argument that Congress, with an almost limitless array of words open to it, restricted itself to one, and this the most generic term and the word having the broadest and most comprehensive meaning which it could employ. Further that, whatever was originally the main and primal purpose of bankruptcy proceedings, it is now to assure an equal and equitable distribution of the assets of insolvents among creditors, and what Congress has done is to make it applicable, with some variance of procedure, to four classes of debtors—all natural persons, with some exceptions; all unincorporated companies, with no exceptions; certain classes of corporations, with some exceptions; and all partnerships, without exception and whether existing or dissolved. Words of exclusion are employed, qualifying the broad terms of classification used in two of the four classes, and their absence in the others shows Congress to have meant the other classifications to be all-embracing. The text-writers who are especially well equipped to afford us assistance mutually nullify this aid by a radical disagreement among themselves. Among the cases cited to support these divergent views so far as examined, none are directly in point. Among those usually cited by the text-writers and which may be given as illustrations of all are: Davis v. Stevens (D. C.) 104 Fed. 235; Hercules Atkin Co. (D. C.) 133 Fed. 813; Burkhart v. Bank (D. C.) 137 Fed. 958; In re Seaboard Underwriters (D. C.) 137 Fed. 987; In re Grand Lodge (D. C.) 232 Fed. 199.

Briefly following these back in the inverse order, the Grand Lodge Case was that of a corporation, and the point ruled was that it was not in the excepted class of insurance companies. Certain general expressions might be deemed to help either party here. The only bearing it has is to show that the difficulties of administration are not insuperable.

The Seaboard Case rules the point that an unincorporated body of underwriters is a company within the meaning of the act. Counsel for this motion would concede this. There are some general expressions in the opinion which might be quoted in support of either side of the argument. This is not because of any want of clarity in the expressions, but is an illustration of the wisdom of which one cannot be too often reminded of reading an opinion with reference to the special facts of the case then under discussion. The general proposition laid down may be deemed true as applied to the facts of the case being ruled, but it by no means follows that it would be equally true as applied to an entirely different state of facts.

Burkhart v. Bank ruled that an association of individuals to carry on a banking business under the laws of Ohio, not being a corporation, was subject to be adjudged a bankrupt under the partnership clause of the act. This case, moreover, was ruled before the passage of the act of 1910, c. 412, 36. Stat. 838, which we are now construing, and

perhaps (although this we have not verified) before any act embracing persons having neither partnership nor incorporated relations.

The Hercules Case ruled that a limited partnership association (or joint-stock company), under the provisions of the Pennsylvania statute, might be adjudged a bankrupt no matter to what class it was assigned. Here, again, however, counsel for the motion might well concede all this case rules without conceding that it has any application to the instant case.

Davis v. Stevens Case rules that associated individuals claiming to constitute a corporation would not be found to be a corporation if no letters patent could lawfully issue to them as such, and if they assumed to act as such, they could be adjudged bankrupts as a partnership. It is clear that here again the case is no authority for the act being held to be broad enough to include the organization now before us.

In addition to the above there is reference through citation to a case said to have been ruled in the Wisconsin District in 1907, in which a lodge known as the A. O. U. W. was adjudged a bankrupt. The case is apparently an unreported one, and because of this we do not know whether this is an incorporated or unincorporated body, nor the purposes of its formation otherwise than what would be assumed from its name. As cited, it is in accord with a finding of jurisdiction.

Cleage v. Laidley, 149 Fed. 346, 79 C. C. A. 284, was the case of an individual bankrupt. The case of an unincorporated body was in no way there involved, and the comments of the court are not to be read as a ruling outside of the facts of the case then under discussion. The value they have is as evidence of the view of the profession and of the members of the judiciary so far as they are reflected and expressed.

The Associated Trust (D. C.) 34 Am. Bankr. Rep. 851, 222 Fed 1012, was what might be termed a "syndicate" dealing in real estate, and as the body existed for business and trading purposes, the case would be consistent with the position of each of the parties to the present controversy, and is in fact cited by each.

Brown & Adams v. United Button Company, 17 Am. Bankr. Rep. 565, 149 Fed. 48, 79 C. C. A. 70, 8 L. R. A. (N. S.) 961, 9 Ann. Cas. 445, was a ruling upon what character of claims were provable against the bankrupt's estate. It is of value to us, and, as we understand, is cited for the purpose of showing the trend of judicial opinion to be that bankruptcy statutes were to be construed with the thought in mind that they are primarily, at least, only intended to be in relief of those who had become indebted through commercial, trading, or business ventures, and were not meant otherwise to relieve debtors from the obligation of their debts. Such was undoubtedly the original and may fairly be argued to be the traditional and historic purpose of bankruptcy legislation. It doubtless grew out of the sanctity which was thrown about the obligation of debt, and relief from the obligation was more or less grudgingly and reluctantly given, but the benefits of the act were extended to a wider and still wider class of debtors until it came to be recognized, and this, we think, is the present view that the primary and chief purpose of bankruptcy proceedings is that already indicated, viz. the assurance of a just administration and distribution of the assets

of insolvents. There is, it is true, much more than a trace of the old idea still remaining in bankruptcy legislation, and more especially in the administration of the law and the practice in bankruptcy proceedings, but, as already twice indicated, this is confined to other features than who may become or be adjudged bankrupts, and has no longer a controlling influence in the determination of this latter question.

Our conclusion, therefore, is that the Order of Sparta, as its character is disclosed to us, is an unincorporated company within the meaning of the bankruptcy laws, and therefore a proper subject of bankruptcy proceedings, and the motion to open the decree of adjudication and to dismiss the proceedings on this ground is refused. We recognize that this is more or less of the exercise of an arbitrary judgment in the nature of a rescript, but it seems to have the sanction and approval of the weight of judicial opinion so far as expressed and of the views of accredited text-writers.

[2] The other question of whether or not a cause or ground of bankruptcy exists is not before us, and because of this not ruled. The present motion does not include it, although it has been brought into the argument. There is, in consequence, nothing in the record upon which to base a ruling. Moreover, a cause or ground of bankruptcy is set forth in the pleadings, and is also asserted to exist. Any creditor would have the right to intervene, and if interposed in time assert a defense for the alleged bankrupt. Even if this were done, it would afford no ground for a motion to dismiss, but must be raised as a question of proofs. As the adjudication has already been made, the only way in which the suggested question could be raised is by a motion to open the judgment or decree of adjudication and to let in this defense. If the decree were opened, the parties could submit their proofs, and a new decree be entered in accordance with the findings thereon. This is by no means meant to imply that grounds to open the decree exist, but merely to make clear that the question is not now before us.