## LUBER v. BEACH, Chief of Engineers, U. S. Army.

(Court of Appeals of District of Columbia. Submitted March 7, 1923. Decided May 7, 1923.)

### No. 3852.

Injunction ⬤85(1)—Remedy at law held sufficient to warrant denial of injunction against enforcement of park regulations.

The remedy at law of an individual against whom proceedings were pending for violation of the regulation requiring permit for the operation of public vehicles for hire in Potomac Park was sufficiently adequate to justify the denial of an injunction to restrain the enforcement of that regulation pending the determination of the proceedings.

Appeal from the Supreme Court of the District of Columbia.

Suit by Abe Edward Luber against Lansing Beach, in his capacity as Chief of Engineers, United States Army, to restrain the enforcement of a regulation. From a decree dismissing the bill, complainant appeals. Affirmed.

Thomas H. Patterson and William L. Taggart, both of Washington, D. C., for appellant.

Peyton Gordon and Vernon E. West, both of Washington, D. C., for appellee.

Before SMYTH, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

ROBB, Associate Justice. Appeal from a decree in the Supreme Court of the District of Columbia dismissing appellant's bill to restrain appellee, in his capacity as Chief of Engineers of the United States Army, from enforcing a regulation requiring a permit for the operation of public vehicles for hire in Potomac Park, pending the determination of a proceeding against appellant in the police court based upon such regulation.

The case is ruled by our decision in Cave et al. v. Rudolph, Commissioner of the District of Columbia, —— App. D. C. ——, 287 Fed. 989 decided March 5, 1923, in which similar action by the trial court was sustained upon the ground that a plain and adequate remedy at law

existed. In that case it was sought to restrain the commissioners from enforcing a police regulation prohibiting drivers of public vehicles for hire from stopping or loitering upon a street except at hack stands or taking on or discharging passengers. There no prosecution had been commenced, while the declared purpose of this proceeding is to stay the hand of the official until the prosecution is terminated. This difference, under the facts disclosed, is immaterial, since no ground for equitable relief is made to appear. Davis & Farnum Mfg. Co. v. Los Angeles, 189 U. S. 207, 218, 23 Sup. Ct. 498, 47 L. Ed. 778; Dobbins v. Los Angeles, 195 U. S. 223, 241, 25 Sup. Ct. 18, 49 L. Ed. 169. Moreover, the statement is made by the district attorney in his brief that the prosecution to which appellant alludes in his bill "terminated on June 14, 1922, by appellant agreeing to forfeit $5, which he did." Appellant's remedy was through the prosecution of a writ of error to this court.

The decree is affirmed, with costs.

Affirmed.