## In re MINNESOTA INS. UNDERWRITERS.

District Court, D. Minnesota, Fourth Division.
December 4, 1929.

Bauers, Carlson & Beveridge and Russell Smith, all of Minneapolis, Minn., for petitioning creditors.

H. L. Frink, of Minneapolis, Minn., for bankrupt.

SANBORN, District Judge (after stating the facts as above). The alleged bankrupt is a reciprocal or interinsurance exchange organized under the laws of this state. The Bankruptcy Act § 4b (11 USCA § 22(b) provides: "(b) Any natural person, except a wage earner or a person engaged chiefly in farming or the tillage of the soil, any unincorporated company, and any moneyed, business, or commercial corporation, except a municipal, railroad, insurance, or banking corporation, owing debts to the amount of $1,-000 or over, may be adjudged an involuntary bankrupt upon default or an impartial trial, and shall be subject to the provisions and entitled to the benefits of this title."

Section 1 of act (11 USCA § 1), under "Meaning of words and phrases," provides: "(6) 'Corporations' shall mean all bodies having any of the powers and privileges of private corporations not possessed by individuals or partnerships, and shall include limited or other partnership associations organized under laws making the capital subscribed alone responsible for the debts of the association."

There is no definition of the words "unincorporated company" in the act. The question presented is whether a reciprocal or interinsurance exchange is an "unincorporated company" or an "insurance corporation" within the meaning of the Bankruptcy Act.

The laws of Minnesota relating to "reciprocal or interinsurance exchanges" are found in sections 3587 to 3598, General Statutes of Minnesota 1923. Section 3587 provides: "Individuals, partnerships and corporations of this state, hereby designated subscribers, are hereby authorized to exchange reciprocal or interinsurance contracts with each other, or with individuals, partner-

ships and corporations of other states and countries, providing indemnity among themselves from any loss which may be insured against under other provisions of the laws, excepting life and marine insurance."

Section 3588 provides: "Such contracts may be executed by an attorney, agent or other representative, herein designated attorney, duly authorized and acting for such subscribers."

Section 3589 requires that a declaration be filed with the insurance commissioner, setting forth: "(a) The name or title of the office at which such subscribers propose to exchange such indemnity contracts. Said name or title shall not be so similar to any other name or title previously adopted by a similar *organization* or by any *insurance corporation* or association as in the opinion of the insurance commissioner is calculated to result in confusion or deception." (b) The kinds of insurance to be written. (c) The form of contract. (d) A copy of the power of attorney. (e) The location of the office of the attorney. (f) That a certain number and amount of applications for indemnity have been received. (g) That a certain sum is on deposit.

Section 3590 requires the appointment by the attorney of the insurance commissioner as agent to accept service of process for all subscribers.

Section 3591 requires a statement from the attorney of the maximum amount of indemnity upon any single risk.

Section 3592 relates to the maintenance of a reserve.

Section 3593 requires an annual report.

Section 3594 permits all Minnesota corporations to exchange insurance contracts of the character mentioned.

Section 3595 penalizes the attorney for a failure to comply with the law.

Section 3596 requires the attorney to procure an annual certificate from the commissioner of insurance to the effect that the laws have been complied with.

Section 3597 provides that the attorney shall pay to the state, in lieu of all taxes, 2 per cent. of the gross premiums or deposits.

Section 3598 is as follows: "Except as herein provided no law of this state shall apply to the exchange of such indemnity contracts."

■ A reciprocal or interinsurance exchange is a group or association of persons co-operating through an attorney in fact for the purpose of insuring themselves and each other. The attorney in fact issues the contracts to and for them, and he is the one who is held responsible for a compliance with the laws of the state so far as they relate to this character of insurance. Were it not for section 3314, General Statutes of Minnesota 1923, which provides "it shall be unlawful for any person, firm or corporation to solicit or make or aid in the soliciting or making of any contract of insurance not authorized by the laws of this state," no law would be required for the exchange of such contracts of indemnity.

It is a well-known fact that reciprocal or interinsurance exchanges existed in this country prior to enactment of laws authorizing them. Certain groups of individuals had found this plan an economical and practical method of providing indemnity. One man might not be sufficiently strong financially to bear the risk of loss alone, but he and a number of his friends and acquaintances or others engaged in the same line of business could form a group or association abundantly able to act as their own insurers, and thus procure insurance at or near its actual cost. This scheme of insurance was peculiarly attractive to those owning what are generally known in the insurance world as "preferred risks," where the danger of loss is small. Its growth and popularity resulted in the uniform acts which are now found in most of the state statutes.

There is some analogy between a Lloyds association and a reciprocal or interinsurance exchange, but a subscriber to the latter is both an insured and insurer, while it is the underwriters at Lloyds who are the insurers. A Lloyds association, however, is no more a corporation than a "reciprocal" is. It has been held that a Lloyds association is an unincorporated company within the meaning of the Bankruptcy Act. In re Seaboard Fire Underwriters (D. C.) 137 F. 987. It has also been held that an unincorporated fraternal beneficial association is an unincorporated company. In re Order of Sparta (C. C. A. 3d) 242 F. 235. See, also, In re Tidewater Coal Exchange (C. C. A. 2d) 280 F. 638; In re Associated Trust (D. C.) 222 F. 1012; Burkhart v. German-Am. Bank (D. C.) 137 F. 958; Gallagher v. Hannigan (C. C. A. 1st) 5 F.(2d) 171; In re Hercules Atkin Co. (D. C.) 133 F. 813; In re Parker (D. C.) 275 F. 868.

■ Under the facts and the law applicable to them, it is clear that a reciprocal or interinsurance exchange is something more than a partnership and something less than an insurance corporation, and falls within the classification of unincorporated companies, and is therefore subject to adjudication in bankruptcy.

Since the referee has found that the bankrupt, while insolvent, permitted the state of Minnesota to docket a judgment against it in the district court of Hennepin county, thereby enabling the state to be in a position to obtain a preference over all other creditors, and that, while insolvent, on the 4th day of February, 1929, the district court of Hennepin county appointed a receiver for it, and that the alleged bankrupt is indebted to the petitioning creditors, it follows as a matter of course that they are entitled to its adjudication. Judgment may be entered accordingly.