**In re LLOYDS OF TEXAS.**

No. 2956.

District Court, N. D. Texas, Dallas Division.

Sept. 18, 1930.

Dexter Hamilton and McBride, O'Donnell & Hamilton, all of Dallas, Tex., for the motion.

H. A. Bateman and Burgess, Burgess, Chrestman & Brundidge, all of Dallas, Tex., opposed.

ATWELL, District Judge.

Under the terms of articles 5017, 5017e, statutes of Texas (Vernon's Ann. Civ. St.) insurance organizations operated under Lloyds plan are required to maintain certain assets and certain guaranteed funds; upon failure to make good any impairment the insurance commissioner is required to take charge of such assets, and, if possible, to effect reinsurance, and, in case reinsurance cannot be had, the affairs of such Lloyds shall be wound up through a receivership instituted by the board.

Sometime early in 1930 the insurance commissioner discovered that Lloyds of Texas did not have the requisite minimum assets and that there were certain irregularities in the conduct of its business. Statutory steps were taken for the restoration of the assets and the remedying of the irregularities. Neither having been accomplished, a statutory receivership was instituted in a state court under the authority of the same statute.

On the 15th day of August, 1930, and within four months of the receivership, an involuntary petition in bankruptcy was filed.

The receiver in the state court, and the board of insurance commissioners, now move to dismiss the petition on the ground that the alleged bankrupt is an insurance corporation.

The books contain many definitions of the word "corporation." Mr. Justice Story, in the Dartmouth College Case, 4 Wheat. 518, 667, 4 L. Ed. 629, said: "An aggregate corporation at common law is a collection of individuals united into one collective body, under a special name, and possessing certain immunities, privileges, and capacities in its collective character, which do not belong

to the natural persons composing it." He then wrote of the great variety and mentioned spiritual and lay, and divided the latter into civil and eleemosynary. There is also a division of public and private. A New York case (Thomas v. Dakin, 22 Wend. [N. Y.] 71) wisely says that "the essence of a corporation consists in a capacity: 1. To have perpetual succession under a special name, and in an artificial form; 2. To take and grant property, and contract obligations * * *. 3. To receive and enjoy in common grants of privileges and immunities."

■ Of course, only a sovereign authority can create a corporation. The body so created consists of one or more natural persons and is established for some specific purpose, and continued by a succession of members.

The sovereignty authorized the creation of the Lloyds; it provided for the transaction of business through an agent; that it might sue and be sued; that there would be a succession. These are marks of a corporation.

But, we need not wander in the wilderness of definitions in order to name the Lloyds—in order to discover its species.

■ For purposes of administration the national government may denominate certain associations as corporations. Burk-Waggoner Oil Association v. Hopkins, 269 U. S. 110, 46 S. Ct. 48, 70 L. Ed. 183. That seems to be what congress has done in the Bankruptcy Act.

Subdivision (b) of section 4 of that act (11 USCA § 22(b) provides: "Any natural person, except a wage earner or a person engaged chiefly in farming or the tillage of the soil, any unincorporated company, and any moneyed business, or commercial corporation, except a municipal, railroad, insurance, or banking corporation, owing debts to the amount of $1,000 or over, may be adjudged an involuntary bankrupt upon default or an impartial trial, and shall be subject to the provisions and entitled to the benefits of this title."

Section (1), meaning of words and phrases, subdivision (6), prior to May 27, 1926, read: " 'Corporations' shall mean all bodies having any of the powers and privileges of private corporations not possessed by individuals or partnerships, and shall include limited or other partnership associations organized under laws making the capital subscribed alone responsible for the debts of the association." 30 Stat. 544, § 1.

On May 27, 1926, a comma was placed after the word "association" and the sentence then continued: "Joint stock companies, unincorporated companies and associations, and any business conducted by a trustee, or trustees, wherein beneficial interest or ownership is evidenced by certificate or other written instrument." 11 USCA § 1(6).

The present law, therefore, includes as corporations many companies and associations that were not and are not strictly corporations within the generally accepted definition of corporation.

Why was the territory enlarged? Why were "joint stock companies and unincorporated companies and associations," and, "any business conducted by a trustee or trustees" included within "corporations," so far as the functioning of the Bankruptcy Act is concerned?

Between 1898 and 1926 the courts had been busy. They had adjudicated into bankruptcy joint-stock companies, unincorporated associations, business conducted by a trustee, and insurance concerns. In re Seaboard Fire Underwriters (D. C.) 137 F. 987; In re Hercules Atkin Co. (D. C.) 133 F. 813; Krey Packing Co. v. Wildwood Springs Resort Ass'n (C. C. A.) 4 F.(2d) 793; Gallagher v. Hannigan (C. C. A.) 5 F.(2d) 171; In re Order of Sparta (C. C. A.) 242 F. 235.

■ We must assume that congress had knowledge of those decisions. If they had been satisfactory to that legislative body there would have been no reason to enlarge the definition of "corporation," as contained in the very beginning of the statute. That they wished to exempt from bankruptcy the organizations and companies that had been liable to bankruptcy under the old definition of "corporation" seems evident.

■ We can think of some good reasons for such desire, even though it is unnecessary for us to do so, as reasons for legislation are wholly for the legislating body. But, the state which authorizes the creation of an insurance association, such as the Lloyds, and preserves its functionings so that a depletion of assets will authorize a learned insurance commissioner to seek reinsurance and ultimately to safeguard by appropriate receivership, might appear to be doing a better work than the wrecking of a company and the distribution of the proceeds through bankruptcy channels.

Counsel have been unable to furnish the court with any case construing the amend-

ment under discussion. In re Minnesota Insurance Underwriters, 36 F.(2d) 371, by District Judge Sanborn, written in 1929, is not in point. Though the amendment was then in force it does not seem to have been brought to the attention of the learned judge. The decision was ruled by the statute as it was and not by the statute as it is.

■ An insurance association, which has "any" of the powers and privileges of private corporations which were not possessed by individuals or partnerships, and which has a capital stock which is alone responsible for the debts of the association, or which is a joint-stock company, or an unincorporated company, or an association, and which has its business conducted by a trustee, wherein the interest or ownership is evidenced by certificate, is an "insurance corporation." The Lloyds of Texas has a capital stock; conducts its business by a trustee; issues a certificate of ownership, and the liability of those in the association is limited to the amount of their subscription; it exists under the authority of the law of the state and has a period of perpetuity, may sue and be sued—many of the powers and privileges that have belonged to private corporations all during the existence of the law concerning the same.

An "association" is an organized union of persons for a good purpose; a body of persons acting together for the promotion of some object of mutual interest or advantage.

It is fundamentally a large partnership, from which it differs in that it is not bound by the acts of the individual partners, but only by those of its manager or trustee; and that shares in it are transferable, and that it is not dissolved by the retirement, death, or bankruptcy of its individual members.

In our country the term is used to signify a body of persons not united under a charter, but by the methods and forms used by incorporated bodies. Without authorizing statute no action lies by or against it; action must be brought in the names of all of the members. As has already been observed, those which have the marks of a corporation within the diagram of the defining section are "corporations." So, too, are joint-stock companies, or associations for profit, with a common capital contributed by composing members, such capital being usually divided into shares, which are transferable. They are frequently invested by statutes, both in England and many of the states, with some of the privileges of a corporation.

Both are distinguishable from partnerships. To some extent, also, they are distinguishable from corporations, as generally understood. They are distinguishable from limited partnerships, chiefly because there is no choice about admitting partners, since the shares are transferable without involving dissolution, and the holder of the share becomes a partner by virtue of the transfer.

Thus we see that the congress determined to broaden the territory into which the remedy of bankruptcy did not run, so as to save therefrom three or four well-known associations.

While the constitutional provision authorizing the Bankruptcy Act is general, the act itself is the work of the lawmaking body, and it reaches only so far as that body decrees.

■ It follows that Lloyds of Texas, being a "corporation," within the meaning of the Bankruptcy Statute, is not subject to an involuntary petition in bankruptcy, and the motion to dismiss must be sustained.