### In re BANK OF CROWELL et al.

District Court, N. D. Texas, Wichita Falls Division.

Nov. 10, 1931.

T. R. Boone, E. T. Duff, and Arch Dawson, all of Wichita Falls, Tex., and J. E. Atcheson, of Crowell, Tex., for petitioning creditors.

D. J. Brookreson, of Benjamin, Tex., and O. T. Warlick, of Vernon, Tex., for respondents.

ATWELL, District Judge.

The statutory number of creditors presenting an aggregate of claims in excess of the amount required alleged that the respondents are insolvent, and that they had committed acts of bankruptcy. The Bank of Crowell is an unincorporated institution owned by J. W. Bell, T. N. Bell, Julia E. Bell, W. S. J. Russell, C. R. Ferguson, Mrs. Evie Edwards, and husband, B. B. Edwards.

The partnership has been conducting the business at Crowell, the county site of Foard county, since prior to 1911. There are a thousand depositors. The paper assets exceed $300,000. A short time before the filing of the petition the state district court, upon application of one of the partners, consented to by all of the other partners, and participated in by agents of the two largest creditors, appointed a receiver. That officer qualified and took charge of the institution, closing its doors, and is now actively engaged in attempting to collect obligations due the bank, and has, in some instances, participated in large transactions with some of the creditors. J. W. Bell, T. N. Bell, Julia E. Bell, and W. S. J. Russell executed certain muniments of title to certain lands they owned along about the time of the granting of the receiver. The Russell transfer was in 1928, but it was not recorded by the grantee until about the same time.

The defenses urged by the respondents are that the partnership is exempt from involuntary proceedings; second, if not exempt, the receivership was not an act of bankruptcy; third, that the partnership was not insolvent; fourth, that the real estate transactions of the three Bells were not for an inhibited purpose, and that the transaction of Russell was a bona fide transaction in 1928.

A careful consideration of the testimony demands that the court find insolvency. Also that the real estate transactions of the Bells were acts of bankruptcy, and that the transaction of Russell was a good-faith transaction as shown by the date of the deed, and, therefore, not an act of bankruptcy.

That leaves the interesting defense that the institution is immune from the provisions of the bankruptcy statute.

Subdivision b of section 22 of the act (11 USCA) provides that: "Any natural person, except a wage earner or a person engaged chiefly in farming or the tillage of the soil, any unincorporated company, and any moneyed, business, or commercial corporation, except a municipal, railroad, insurance, or banking corporation, owing debts to the amount of $1,000 or over, may be adjudged an involuntary bankrupt. * * *"

In re Lloyds of Texas, 43 F.(2d) 383, this court held that the word "corporation" in the Bankruptcy Act had the large meaning given to it in the act, as amended (11 USCA § 1(6), and that it therefore included certain associations that had the markings of corporations as therein pointed out. See Gamble v. Daniel (C. C. A.) 39 F.(2d) 447; In re Bay Cities Guaranty Building-Loan Association (D. C.) 48 F.(2d) 623.

From 1905 to 1925, including both years, and the years, 1907, 1909, 1914, 1921, and 1923, the Legislature of Texas passed, and in many ways perfected, statutes for the incorporation, conduct, liability, and supervision of state banking institutions. Under an exception in the act of 1925 (Acts 39th Leg. c. 148 [Vernon's Ann. Civ. St. arts. 541, 541c]), which reads as follows, "The provisions of the private bank law shall not apply to any person, association of persons, partnerships or trustee, or trustees acting under any common law declaration of trust, who has for a period of one year next preceding the date that this Act becomes effective, * * *" respondents contend that the Legislature guaranteed and established such private institutions as were in existence before the passage of the laws relating to incorporated state banks, and that such act and exception, in truth, gave such institutions as existed theretofore the status of banking corporations.

The testimony shows that, if and when a partner should sell his interest in the partnership, such sale must be evidenced by a deed. There was exhibited to the court a form of certificate such as also seems to have been used at some of the time of the existence of the bank. The partners elected officers, and among such officers were a president, vice president, and general manager. But there is nothing else to bring the partnership within the larger definition of the amendment (11 USCA § 1(6), as discussed in the Lloyds Case. The Bank of Crowell had no specific time to exist. It could not sue nor be sued save and except in the name of the several partners, nor was there any limitation of liability under an act of the state. Other differences also appear.

The exception made by the Legislature for the benefit of such private banking institutions as were in existence at the time that incorporation was demanded and supervision was required of such institutions as were organized after the legislation, or as were incorporated under the act, could hardly be said to have the effect of marking or branding them as corporations under the act. In other words, the very wording of the act excepts and exempts from the same the institutions that had theretofore existed. An exception and an exemption can hardly be called an inclusion.

The caution of the Congress in excepting from the provisions of the Bankruptcy Act banking corporations was well placed, and the court in the present controversy is saved from closing the doors of even a partnership which has been engaged in that business, because the partners themselves had, by their voluntary act, sought the protection of the court and closed their doors prior to the filing of the proceedings here.

An order may be drawn adjudicating the partnership and the three Bells and declining an adjudication of Russell.