**EBNER; Ebner, d.b.a. Landmark Investments, Appellee,**

v.

**CAUDILL et al., Appellants.**

[Cite as *Ebner v. Caudill* (1994), 93 Ohio App.3d 785.]

Court of Appeals of Ohio,
Franklin County.

No. 93APG09–1279.

Decided March 24, 1994.

*Kevin W. Brown,* for appellee.

*Burman & Robinson* and *Robert N. Burman,* for appellants.

WHITESIDE, Presiding Judge.

Defendants, Matthew A. Caudill and Teresa L. Buckles, appeal from a judgment of the Franklin County Municipal Court dismissing their counterclaim against plaintiff, Mark Ebner, d.b.a. Landmark Investments, and granting plaintiff judgment in the amount of $1,530. Defendants present the following three assignments of error:

"1. That the court's findings of fact and conclusions of law were against the manifest weight of the evidence."

"2. That the court erred in failing to dismiss plaintiff's amended complaint for the reason that plaintiff's noncompliance with Ohio Revised Code § 1329.01 prohibited plaintiff from commencing or maintaining an action in the fictitious name or on account of any contracts made or transactions had in the fictitious name."

"3. That the court erred in failing to dismiss plaintiff's amended complaint because the complaint is a nullity in law."

Defendants signed a one-year lease with Landmark Investments for an apartment located at 1840 Bairsford Drive, Columbus, Ohio. The lease ran from August 5, 1990 to July 31, 1991. In January 1991, defendant Caudill was offered a new job with the Jefferson Township Fire Department. The job required defendant to relocate to Jefferson Township. Defendants (now married) informed plaintiff that they would be vacating the apartment. They moved sometime in March 1991, at which time defendants ceased making the monthly rental payments required by the lease agreement.

On June 14, 1991, plaintiff Murray Ebner filed suit on his own behalf in the Franklin County Court of Common Pleas seeking to recover the rent due under the Landmark Investment lease agreement, which was attached to the complaint, for the months of April through July 1991, together with interest and costs.

Defendants filed a Civ.R. 12(B)(6) motion to dismiss, arguing that plaintiff Murray Ebner had no interest in the property and, therefore, he had no claim so that the complaint should be dismissed for failure to state a claim. In addition, defendants argued that the complaint was not brought by the real party in interest, which would be Landmark Investments.

Plaintiff Murray Ebner filed a motion to amend the complaint so that the plaintiff would be changed to Mark Ebner,[1] d.b.a. Landmark Investments, which is alleged to be an assumed name used by Mark Ebner. The court granted plaintiff's motion to amend[2] and overruled defendants' motion to dismiss.

Defendants filed their answer on October 22, 1991, presenting as a defense, among others, plaintiff's lack of capacity to bring this action. Defendants also presented a counterclaim, to which plaintiff filed an answer.

---

1. Mark Ebner signed the lease as "Manager or Agent," there being no signature on the lessor line.

2. Although no issue is raised on appeal, no amended complaint apparently was filed, even though the change of plaintiff from Murray Ebner to Mark Ebner would require a new service of summons, since they are not the same person but, rather, Mark is the son of Murray.

The matter came for trial to the court on November 17, 1992, and evidence was presented. The trial court issued its decision on February 22, 1993. The court found that (a) defendants failed to pay rent for the months of March, April, May and June 1991, and (b) plaintiff (Mark Ebner) had retained defendants' security deposit of $510 and had rerented the apartment on July 1, 1991. The trial court granted plaintiff (Mark Ebner) judgment in the amount of $1,530.

Defendants appealed the trial court's decision. That appeal was dismissed for lack of a final appealable order, since the trial court had failed to rule on defendants' counterclaims. On June 23, 1993, defendants filed a "motion for determination on counterclaim." Pursuant to the motion, the trial court dismissed the counterclaim, and an amended judgment entry was entered, from which defendants filed a timely appeal. Defendants' second assignment of error contends that the trial court erred in failing to dismiss the amended complaint,[3] because plaintiff Mark Ebner, if doing business under the name of Landmark Investments, is barred from bringing this action by R.C. 1329.10(B). R.C. 1329.10(B) reads:

"No person doing business under a trade name or fictitious name shall commence or maintain an action in the trade name or fictitious name in any court in this state or on account of any contracts made or transactions had in the trade name or fictitious name until it has first complied with section 1329.01 of the Revised Code * * *."

The plain language of the statute precludes any person using a fictitious name from commencing or maintaining an action based upon use of the fictitious name unless he has first registered that name with the Secretary of State pursuant to R.C. 1329.01.

It is conceded that plaintiff Mark Ebner did not file the fictitious name "Landmark Investments" with the Secretary of State, pursuant to R.C. 1329.01, before commencing this action, even though he alleges that he used that name in his dealings with defendants without ever revealing the nature of "Landmark Investments." Furthermore, the record reflects that plaintiff did not even attempt to register the name during the pendency of this action. As the lease was entered into in the name of Landmark Investments, a fictitious name, and this cause of action arose from the lease agreement, R.C. 1329.10(B) prohibits plaintiff from maintaining an action arising from the use of the name until it is registered pursuant to R.C. 1329.01. See, also, *Duris Enterprises v. Moore* (1983), 9 Ohio App.3d 99, 100, 9 OBR 151, 152, 458 N.E.2d 451, 452.

---

3. At trial, defendants moved for dismissal of plaintiff's (Mark Ebner's) amended complaint based on R.C. 1329.10(B).

The trial court erred by failing to dismiss plaintiff's complaint, since the action is precluded by R.C. 1329.10(B). Defendants' second assignment of error is well taken.

Defendants' third assignment of error alleges that the trial court erred in failing to dismiss plaintiff's complaint, as it is a nullity due to plaintiff's lack of capacity to sue. Defendants' first assignment of error contends that the trial court's decision is against the manifest weight of the evidence. The sustaining of defendants' second assignment of error renders these assignments of error moot and, therefore, they need not be determined, pursuant to App.R. 12(A)(1)(c).

For the foregoing reasons, defendants' second assignment of error is sustained, the first and third assignments of error are moot, the judgment of the Franklin County Municipal Court is reversed, and this cause is remanded for dismissal of the action, pursuant to R.C. 1329.10(B).

*Judgment reversed*
*and cause remanded.*

BOWMAN and TYACK, JJ., concur.