Defendant-appellant, Lonny Lee Bristow, appeals from the July 22, 1999, Judgment Entry of the Common Pleas Court of Crawford County denying his Motion to Withdraw Guilty Pleas.
On May 28, 1998, Appellant was convicted by a jury of fourteen (14) counts of Telephone Harassment. Also in May 1998, Appellant was indicted by the Crawford County Grand Jury on two (2) counts of Harassment by Inmate and one (1) count of Aiding Escape. On June 1, 1998, the trial court sentenced Appellant to one (1) year each on the first eight (8) counts of Telephone Harassment, to be served consecutive, and one (1) year each on the remaining six (6) counts, to be served concurrently with the eight (8) years.
During imposition of the sentence on the Telephone Harassment convictions, Appellant suggested a negotiated plea that would dispose of, inter alia, the Harassment by Inmate and Aiding Escape indictments. In a negotiated plea agreement, Appellant agreed to plead guilty to the one (1) count of Aiding Escape, a violation of R.C. § 2921.35(A), two counts of Harassment by Inmate, a violation of R.C. § 2921.38(A), and to have his probation revoked. Appellant further agreed to be determined a vexatious litigator. The terms of the plea agreement were suggested by Appellant and the total sentence, also suggested by Appellant, was to be nine (9) years and eleven (11) months.
The trial court accepted the negotiated plea agreement and imposed the following sentence: one (1) year consecutive terms on nine (9) counts of the Telephone Harassment for which guilty verdicts were returned; a consecutive eleven (11) month sentence on one (1) count of the Telephone Harassment for which a guilty verdict was returned; revocation of Appellant's probation; acceptance of guilty pleas to one (1) count of Aiding Escape and two (2) counts of Harassing an Inmate; twelve (12) months on each of the Harassing an Inmate counts and eighteen (18) months on the Aiding Escape Count, to be served consecutive to each other and consecutive to the four years remaining on Appellant's prior conviction for which his probation was being revoked, but concurrent to the nine (9) years and eleven (11) months imposed on the Telephone Harassment charges for which the jury had returned guilty verdicts; and, finally, an admission and declaration that Appellant is a vexatious litigator pursuant to R.C. § 2323.52. From the trial court's imposition of sentence, Appellant perfected a direct appeal to this Court challenging only the convictions on the fourteen (14) counts of Telephone Harassment. On January 29, 1999, we affirmed the trial court's sentence in State v. Bristow, Crawford App. No. 3-98-21, unreported.
On July 30, 1998, Judge Kimerline issued an order restricting Appellant's mail privileges and on August 20, 1998, Judge Kimerline modified that order apparently in response to logistic concerns expressed by the Ohio Department of Rehabilitation and Correction. Appellant appealed the August 20, 1998, Judgment to this Court. Mayer v. Bristow (Nov. 24, 1999), Crawford App. No. 3-98-29, unreported. In that appeal, this Court held R.C. § 2323.52, Ohio's vexatious litigator statute, to be unconstitutional.
On August 10, 1998, prior to Judge Kimerline's modification of the order restricting Appellant's mail privileges, Appellant filed a Motion to Withdraw Guilty Pleas entered on June 1, 1998. On September 2, 1998, the trial court denied Appellant's motion and, following an appeal to this Court of that denial, we affirmed the trial court's motion. See State v. Bristow (March 26, 1999), Crawford App. No. 3-98-24, unreported.
On May 12, 1999, Appellant filed a second Motion to Withdraw Guilty Pleas entered on June 1, 1998. On July 22, 1999, the trial court denied Appellant's second motion. It is from the trial court's July 22, 1999, Judgment Entry denying the second Motion to Withdraw Guilty Pleas that Appellant now appeals, asserting three assignments of error:
Assignment of Error Number One
 The trial court erred in denying Appellants (sic) Motion to Withdraw his Guilty Pleas for breach of plea agreement when the trial court denied Appellant's `Motion for Leave to Proceed' in the vexatious litigator case.
 Assignment of Error Number Two
 The trial court erred in denying Appellant's Motion to Withdraw his Guilty Pleas for breach of plea agreement when the trial court issued the August 20, 1998 mail order; an extension of the vexatious litigator case not agreed on.
 Assignment of Error Number Three
 The trial court committed reversible prejudicial error in denying Appellant's Motion to Withdraw his Guilty Pleas when said Pleas were entered without knowledge as to the consequences.
We begin our analysis by first noting that in Mayer v.Bristow (Nov. 24, 1999), Crawford App. No. 3-98-29, unreported, we held that Ohio's vexatious litigator statute, R.C. § 2312.52, was unconstitutional as it failed to provide a reasonable and meaningful substitute for direct access to Ohio's trial courts. In the present case, each of Appellant's assignments of error are based only on that portion of his June 1, 1998, negotiated plea agreement concerning the determination and admission that Appellant is a vexatious litigator. In his first assignment of error, Appellant argues that Judge Kimerline breached the plea agreement by denying Appellant leave to proceed with a lawsuit simply on the basis that Appellant is a vexatious litigator. In his second assignment of error, Appellant argues that Judge Kimerline breached the plea agreement by imposing mail restrictions on Appellant while in the custody of the Ohio Department of Rehabilitation and Correction on the basis that Appellant is a vexatious litigator and that such restrictions are in addition to the terms of his negotiated plea agreement.
We pause here to note that the negotiated plea agreement was entered into between the State of Ohio and Appellant, not Appellant and Judge Kimerline. To the extent that Judge Kimerline plays a role in carrying out that plea agreement, that role is limited to applying the law implicated by the agreement voluntarily brokered by Appellant. Contrary to Appellant's assertion, Judge Kimerline cannot be said to have breached any plea agreement as he is not a party thereto and his role consists simply of following the applicable law, as judges must.
In his third assignment of error, Appellant argues that because he believes Judge Kimerline will not allow him to file any legitimate legal actions merely because Appellant is a vexatious litigator, and because he was not aware of the mail restrictions at the time of his plea, he did not fully understand the consequences of his plea agreement and, therefore, did not enter the same knowingly, intelligently and voluntarily.
It is significant to note that Appellant does not attack the propriety of his plea agreement where his pleas of guilty to Aiding Escape and Harassment by Inmate are concerned. Nor has Appellant taken issue with that portion of his plea agreement concerning revocation of his probation. Again, the only portion of the plea agreement at issue in this appeal arises from the consequences of that portion concerning the determination and admission that Appellant is a vexatious litigator.
As stated in 5 Ohio Jurisprudence 3d (1978) 76, Appellate Review, Section 522:
 In accord with a general tenet in American appellate review and practice, a reviewing court in Ohio will not concern itself with purely moot or abstract questions or such questions as do not arise in the case before it. As was stated in substance in an early case, the court cannot be called upon to perform a work of mere supererogation. It is its duty to decide such questions only as become necessary to ascertain the rights of the parties litigant and are legitimately presented upon the record. (Footnotes omitted.)
The doctrine of mootness is rooted both in the "case" or "controversy" language of Section 2, Article III of the United States Constitution and in the general notion of judicial restraint. See 1 Rotunda, Novak Young, Treatise onConstitutional Law: Substance and Procedure (1986) 97, Section 2.13. While Ohio has no constitutional counterpart to Section 2, Article III, the courts of Ohio have long recognized that a court cannot entertain jurisdiction over a moot question. State v.Bistricky (1990), 66 Ohio App.3d 395, 397, 584 N.E.2d 75, 75-76. It is not the duty of a court to decide purely academic or abstract questions. Miner v. Witt (1910), 82 Ohio St. 237,92 N.E. 21.
"It is well settled that where, by a change of circumstances or otherwise pending an appeal, the questions which would be presented to the reviewing court have become purely academic or abstract, and any judgment which the court might render thereon would in no way avail or be beneficial, to, any party, the proceeding will ordinarily be dismissed, because it is not the duty nor responsibility of the court to answer moot questions." 4 Ohio Jurisprudence 3d (1978) 861, Appellate Review, Section 478 (Citations omitted.). When a court indicates that an issue is moot, it means that a determination of that issue is not necessary. See, Ebner v. Caudill (1994), 93 Ohio App.3d 785,639 N.E.2d 1231.
Pending this appeal, we held in Mayer v. Bristow that the vexatious litigator statute is unconstitutional. Consequently, that portion of Appellant's plea agreement concerning the vexatious litigator admission and determination is invalid. However, the remaining portions of the negotiated plea agreement remain and are binding on Appellant and the State. Appellant has alleged no breach of the remaining provisions of the plea agreement. The grounds upon which Appellant bases this appeal have already been decided and in his favor. That is, the grounds for Appellant's entire appeal arise from the vexatious litigator statute that we recently held to be unconstitutional. Consequently, any decision that this court might render has been deemed academic and superfluous by our subsequent decision. Consideration and determination of the assignments of error on the grounds asserted by Appellant is unnecessary. Resolution of the issues presented would be irrelevant as we are not required to consider whether the trial court abused its discretion by denying Appellant's Motion to Withdraw his Guilty Pleas when the sole basis for the motion and this appeal is no longer applicable to Appellant. The questions presented to this Court for review have become academic and abstract.
Accordingly, we hold Appellant's assignments of error to be without merit. Finding no error prejudicial to appellant, in the particulars assigned and argued, for the reasons indicated in the foregoing opinion, we affirm the judgment of the Common Pleas Court of Crawford County denying Appellant's second motion to withdraw his guilty pleas.
Judgment affirmed.
WALTERS, J., concurs.
HADLEY, J., concurs in judgment only.