{¶ 29} I concur in the judgment to affirm the trial court on different grounds.
 {¶ 30} Within Domestic's sole assignment of error are several issues. All but one of these issues derive directly from the findings of fact and conclusions of law provided in the magistrate's decision. However, Domestic did not file objections to the magistrate's decision as required by Civ.R. 53(E)(3)(a). Although the trial court adopted the magistrate's decision on the same day that the magistrate issued its decision, Civ.R. 53(E)(4)(c) still allows a party to file objections to the magistrate's decision. Because of Domestic's failure to file objections to the magistrate's decision, we cannot review those issues on appeal. Civ.R. 53(E)(3)(d).
 {¶ 31} A party is barred from raising any error on appeal connected with the trial court's adoption of a magistrate's finding of fact or conclusion of law unless that party timely objected to that decision.State ex rel. Booher v. Honda of Am. Mfg., Inc., 88 Ohio St.3d 52,2000-Ohio-269, 723 N.E.2d 571. "It is well settled law in Ohio that if a party fails to object to a conclusion of law or finding of fact issued by a magistrate, the party is precluded from then raising the issue for the first time on appeal." Cahill v. Phelps, Lake App. No. 2000-L-201, 2001-Ohio-8765.
 {¶ 32} Therefore, because Domestic did not file objections as required, I would not reach the merits of their argument.
 {¶ 33} However, the first issue Domestic raises is jurisdiction, which can be raised at any time. Domestic argues that the trial court erred by allowing Caf_Miami to maintain an action in the name of a nonentity. Essentially, Domestic is arguing that "Caf_Miami" is not an entity registered with the State of Ohio and, thus, it does not have legal capacity to commence the action against Domestic. It is true that a nonregistered, nonentity or an entity operating under a fictitious name cannot bring a lawsuit against another individual. R.C. 1329.10(B);Buckeye Foods v. Bd. of Revision (1997), 78 Ohio St.3d 459,678 N.E.2d 917; Ebner v. Caudill (1994), 93 Ohio App.3d 785, 639 N.E.2d 1231. However, nothing in the record before us demonstrates that Caf_Miami is an unregistered, non-entity or an entity operating under a fictitious name.
 {¶ 34} Domestic states in its brief that the magistrate acknowledged the jurisdictional issue in the findings of fact and conclusions of law. This statement is incorrect. The magistrate's decision contains no finding that Caf_Miami is not licensed or registered within the State of Ohio. The only reference to legal status in the decision is the reference by the magistrate that Caf_Miami is a restaurant owned by Larry C. Fields. This statement is not an acknowledgment that it is a nonlicensed or unregistered entity.
 {¶ 35} Although it appears from the brief that this issue may have been raised at the hearing before the magistrate, no transcript of the proceeding exists. When no report of the evidence or proceedings at a hearing was made or if a transcript is unavailable, the appellant can prepare an App.R. 9(C) statement. Domestic has failed to provide this court with such a statement. Therefore, any evidence or arguments presented at the hearing are not properly before us for review. Furthermore, Domestic did not to present any documentation at the hearing demonstrating that Caf_Miami is unregistered. Accordingly, we cannot address the issue of jurisdiction because Domestic did not properly preserve the record or create a sufficient record for our review.
 {¶ 36} Therefore, I would affirm the trial court's adoption of the magistrate's decision and the judgment in favor of Caf_Miami.